FRED GLADE, Appellee, v. GENERAL MUTUAL INSURANCE ASSOCIATION of Des Moines, Appellant.

No. 41730.

FEBRUARY 14, 1933.

Rehearing Denied June 23, 1933.

Putnam, Putnam, Langdon & Fillmore, for appellant.

Carl P. Knox, for appellee.

Stevens, J.—This is an action upon a policy of liability insurance to recover a loss suffered by the insured. In a prior action commenced by one Herman Bowling in the district court of Adair county against Fred Glade, the appellee herein, to recover for personal injuries and for damages to a motortruck owned by him, judgment was entered against appellee for the sum of $337.95. This is the sum, with interest, for which he demands judgment against appellant upon his policy.

The answer in the case before us admits the corporate capacity of appellant and the issuance of the policy in suit. For defense in this action, appellant sets up the breach of certain of the terms and provisions of the policy. These provisions, so far as material in this case, are, in substance, as follows: It is made a condition of the policy that, in the event an action be brought against the assured to enforce a claim for damage or injury covered by the said policy, he shall (a) immediately notify appellant; (b) promptly forward to it any summons or other paper or process served upon him; (c) whenever requested by the insurer to aid in effecting a settlement in securing evidence and the attendance of witnesses. The policy further provides that the assured shall not, without the written consent of the insurer, voluntarily assume any liability, or interfere in any negotiations for settlement, or in any legal proceedings, or incur any expense, or settle any claim, except at his own cost.

The action against the assured for damages was commenced for and tried at the March, 1931, term of the district court in and for Adair county. The petition in that action is set out in full in the record, and it is not claimed that it does not, on the face of it, state a cause of action. Appellant employed attorneys to make a defense in that action in the name of appellee, and defense was

accordingly made. Appellee did not employ counsel or seek to control the defense in his own behalf. A jury was waived and the cause tried to the court, with the result that judgment was entered against the defendant therein for the amount previously indicated.

It is alleged by appellant in its answer filed in the case before us that the assured voluntarily assumed liability to Bowling, interfered in the negotiations for settlement and in legal proceeding; that he instigated and encouraged Bowling to institute suit, assisted him in the employment of counsel, and aided, abetted, and assisted Bowling's attorneys in the commencement of the action against him for damages; that he failed to immediately notify appellant of the action brought against him and to forward copy of the original notice; that he accepted service of an original notice after the action had been abandoned by Bowling; that the assured openly acknowledged liability and, contrary to the terms of the policy, failed and refused to co-operate with the insurer in the protection and preservation of his rights.

It may be conceded that the provisions of the policy to which we have referred are a part of the contract, binding upon the assured, and that he was required in good faith to at least substantially comply therewith. Riggs v. N. J. Fid. & Plate Glass Co., 126 Or. 404, 270 P. 479; Conroy v. Com. Casualty Co., 292 Pa. 219, 140 A. 905; Francis v. London Guarantee & Acc. Co., 100 Vt. 425, 138 A. 780; United States F. & G. Co. v. Williams, 148 Md. 289, 129 A. 660; Indemnity Ins. Co. of North America v. Forrest (C. C. A.) 44 F. (2d) 465; George v. Employers Liability Assur. Corp., 219 Ala. 307, 122 So. 175, 72 A. L. R. 1438; Weatherwax v. Royal Ind. Co., 250 N. Y. 281, 165 N. E. 293.

The case was obviously submitted in the court below upon the theory that the provisions of the policy, which it is alleged were breached by the assured, were much broader than they appear in fact to be. The case is also argued by appellant in this court upon the theory that the assured in terms promised co-operation with appellant in all matters pertaining to his defense in the action by the injured party to recover damages. The terms of the policy are more definite and specific in character than are thus indicated. This appears from the substance thereof, as already stated.

The court must have found upon the record before us that immediate notice of the accident was given to the agent of appellant at Greenfield, and that prompt notice was given to appellant by

him both in writing and by telephone; that the original notice served upon appellee and also the one upon which he accepted service were turned over to appellant's agent and by him forwarded to the association. The record does not disclose that appellee was ever requested by appellant to aid in effecting a settlement with the injured party, in securing evidence, or in the procurement of witnesses. The record fails to show a breach of any of the foregoing provisions of the policy; nor does it appear that appellee voluntarily assumed any liability for the injuries inflicted. It is claimed, and evidence was introduced tending to show, that appellee stated both to the agent of appellant and its attorneys that he was to blame for the accident, and that he did little or nothing to aid appellant in the defense assumed in the damage case.

So far as the record shows, the only attempt made for a settlement was by an adjuster with the injured party. The evidence does not disclose that appellee was present or in any way interfered therein. The adjuster did not see or confer with appellee. No evidence was introduced upon the trial of this case of any facts touching the accident; nor is it claimed that the allegations of the petition in the action for damages are not true, or that, upon the facts as they existed, the assured was not liable for the injuries and damages complained of.

The plaintiff in the damage action failed to file a petition within the time fixed in the original notice which was served upon Glade by the sheriff. Subsequently, as already appears, Glade accepted service of an original notice of the action. In the meantime, appellant had entered a special appearance upon the theory that the plaintiff's petition had not been filed within the time fixed in the original notice. The acceptance of service upon another notice by the defendant, of course, left the special appearance unavailing. Thereafter and before the cause was reached for trial, appellant caused a notice to be served upon appellee in which some of the breaches of the policy alleged in the answer were recited and consent given to the assured to employ counsel to aid the attorneys for appellant or to conduct an independent defense. The notice further recited that the insurer was prejudiced by the alleged violations of the policy, and that, while it would continue in the defense, it would not pay a judgment if one was obtained.

The testimony upon the trial of the present case was in conflict, but tended to prove that appellee refused to divulge all of the

facts to appellant's attorneys touching upon and concerning the accident. Appellee testified in this action that he was at fault in the accident; that he so informed the appellant's attorneys; and that he may have, upon some occasions, admitted personal liability.

It appears further that some time prior to the commencement of the action for damages appellee and the agent of appellant at Greenfield went to Des Moines and conferred with an officer of the association. To what extent the facts concerning the accident were detailed to the officer with whom the conference was had upon this occasion is not shown in the record. It does not appear that appellee then declined to state the facts. It is clear that appellee indicated both to appellant's agent and its attorneys that he believed himself at fault. Appellee was, at the request of appellant, present at the trial, but was not called as a witness in his own behalf. While the assured was bound in good faith to observe the terms and provisions of the policy, and to substantially comply therewith, he was not bound to do any act not in good faith, to testify falsely, or to aid appellant in a trivial, technical, or sham defense. Finkle v. Western Auto. Ins. Co., 224 Mo. App. 285, 26 S. W. (2d) 843; Royal Indemnity Co. v. Morris, (C. C. A.) 37 F. (2d) 90; Riggs v. N. J. Fid. & Plate Glass Co., supra.

The notice above referred to which was served upon appellee, as does the argument of counsel, proceeds upon the theory that appellant must have suffered some prejudice by reason of the failure of appellee to defeat liability on the policy. On this point, see Taxicab Motor Co. v. Pac. Coast Cas. Co., 73 Wash. 631, 132 P. 393; Francis v. London G. & A. Co., supra. Counsel in charge of the defense in the action for damages had a right to call appellee as a witness and to compel him to testify. The reason assigned for not calling him is that he declined to divulge the details of the accident. Appellee was not bound by any of the terms of the policy to deny liability if he in good faith believed he was at fault. He sought to induce appellant to make settlement of the damage case. Obviously, he paid the premium upon a policy for the purpose of providing protection for himself. He violated no provision of the policy when he sought to induce appellant to pay the damages for which he was liable.

Before commencing this action, appellee paid the judgment rendered against him. The policy in suit contains no provision requiring appellee to co-operate in making a defense. He is bound

only by the specific terms and provisions thereof. So far as the record shows, appellee acted in perfect good faith and under the belief that Bowling had a valid cause of action against him for damages. Some significance is given by appellant to the fact that appellee visited the office of Bowling's attorneys with him at the time they were employed to commence the action. He was there on other occasions. Appellee was represented in the court below by counsel who did not appear in the damage suit. Nothing is shown in the conduct of appellee in any of his visits to the office of counsel for Bowling that was inconsistent with good faith and the belief that he had wronged the injured party. Manifestly, counsel did not call appellee as a witness in the damage action, for the reason that they knew his testimony would not aid them.

It is also asserted that counsel was unable to prepare an answer because of the alleged refusal of appellee to give them the necessary information. The answer filed is not set out in the record, but it is apparent that a general denial was all that was required.

The trial court, in substance, found that appellant suffered no substantial prejudice because of any of the matters complained of. This finding has ample support in the record. It must be remembered that the policy was intended to insure appellee against loss or damages such as are shown to have occurred in this case. A demand upon appellant to pay the damages was not a violation of any provision of the policy. Appellee was a party to the contract with the absolute right to demand full performance of its terms and provisions by the other party thereto. He was not, as was said in substance in Royal Indemnity Co. v. Morris (C. C. A.) 37 F. (2d) 90, a mere puppet in the hands of the insurer. He was under no obligation to permit and assume defenses to be set up in his name, nor was he bound to yield to any demand which would entail the violation of any law or ethical principle; nor, of course, could he, on the other hand, arbitrarily or unreasonably decline to substantially comply with the terms and provisions of the policy. The defense in the damage suit was conducted in his name. Appellant was not a party thereto. Appellee assumed no part in the trial, nor did he object to the part taken therein by appellant. If he could not truthfully testify to facts that would aid him in his defense, he could not be required to testify otherwise.

The trial court held that appellant waived any defense it might

otherwise have had by assuming and conducting the case for appellee.

We are not favored on this appeal with a brief and argument for appellee. His failure at this point has caused great inconvenience to the court.

No waiver was pleaded in the reply to the answer of appellant, but some attempt was made to set up a waiver of some of the provisions of the policy in the petition. The brief and argument of counsel for appellant, however, proceeds upon the theory that an issue of waiver is involved. The policy does not in terms require the insurer to make a defense in an action for damages against the assured. At most, the policy permits recovery by the assured of such legal expenses as are incurred in such action with the consent of the insurer. The defense assumed by appellant, while proper, was voluntary. We find nothing in the policy which prevented appellant from withdrawing from the damage action at any time it saw fit. It is contended by appellant that, by the service of the written notice upon appellee in which the alleged violations of the policy were recited and liability on the policy denied, a waiver was thereby avoided. Cases are cited in the brief which so held. Accepting these authorities as sound, we must look to the notice to ascertain in what particular the assured had violated the terms and provisions of the policy. These have already been stated.

It has also been pointed out that the acceptance of service on the original notice did not constitute a violation of any of the terms of the policy. No possible prejudice could have resulted therefrom. Appellant had already been apprised of the action and had specially appeared therein. The plaintiff in that action had a perfect right to serve a new notice and thereby obtain jurisdiction of the defendant.

According to the testimony of the agent of appellant, a copy of the notice on which service was accepted was promptly forwarded by him to the company. The evidence does not show that appellee openly acknowledged liability in the action, and, even if he had, it would not constitute a violation of any of the specific terms or provisions of the policy. No substantial violation of the terms of the policy by the assured having occurred, it is difficult to conceive how the service of the notice could operate to prevent a waiver. Furthermore, if appellee at any time declined to make a full and fair statement of the facts concerning the accident, it was apparently

subsequent to the date of the service of this notice. Appellant continued in its defense until judgment was entered against the assured. This action on its part was voluntary and not required by the terms of the policy. It was, no doubt, undertaken by appellant in good faith and for the purpose of controlling the expense of the litigation for which, under the terms of the policy, it might become liable. No notice whatever based upon the refusal of appellee to disclose the facts for the purpose of avoiding waiver was served upon him. Ordinarily, a waiver is the voluntary relinquishment of a known right. It may, however, exist and be established by circumstances as well as direct proof. Appellant must have known that it was not required by the terms of the policy issued by it to assured to enter its appearance for him or conduct a defense in his name. It knew most, if not all, of the alleged violations of the policy prior to the trial. Default in the notice of liability, based upon alleged violations of the policy which were trivial and resulted in no prejudice to appellant, or which had not occurred, or such as did not constitute violations, could not avail appellee.

Clearly, in the absence of the notice referred to, no waiver is established. For the reasons stated, the notice availed appellant nothing. The cause was tried below in equity, and is triable *de novo* in this court.

We have carefully read and considered every fact in the record, and are constrained to hold that the finding and judgment of the court below is correct.—Affirmed.

MITCHELL, ANDERSON, DONEGAN, KINTZINGER, and EVANS, JJ., concur.

KINDIG, C. J., and ALBERT, J., dissent.

KINDIG, C. J. (dissenting)—Under the record in this case, it is evident that the insured did not perform the provisions of the insurance contract requiring him to furnish information and evidence to the insurance company when it was preparing to defend the suit for damages. Rather than so doing, the insured absolutely refused to give information about the accident involved. There is an indication in the record that the insured desired the plaintiff, in the damage suit, to recover at the insurance company's expense.

The district court, when passing upon this phase of the case, made the following finding:

"I am inclined to condemn, rather than otherwise, the conduct of this plaintiff (the insured) in his treatment of the original action for damages. I have no hesitancy in holding that the provision of the policy requiring co-operation is valid and enforcible under ordinary circumstances."

In Coleman v. New Amsterdam Casualty Co., 247 N. Y. 271, 160 N. E. 367, 72 A. L. R. 1443, it was held that there can be no recovery under a policy of the kind in the case at bar, when co-operation or assistance in obtaining evidence is made a condition for the insurance company's liability under the policy, unless the insured substantially complies with the contract. This, I believe, is a sound and wholesome rule of law. Obviously, the contract did *not* provide that said conditions precedent were immaterial, unless the insurance company proved prejudice because of the breach. Just the reverse is true under the policy; that is to say, the insured cannot recover unless he substantially performs the condition precedent which requires him to assist in revealing facts to, and furnishing evidence for, the insurance company. Prejudice, under the circumstances, stealthily enters through a breach of contract of this kind, although it might be difficult to prove it after the trial. Such prejudice permeates the entire record and handicaps the insurance company at every juncture.

On the other hand, the majority hold that, regardless of the insured's conduct, the insurance company is liable unless it proves prejudice. I do not believe that this holding of the majority is in accord with the decisions in the courts generally. Of course, the insurance company cannot ask or expect that the insured will give false testimony in behalf of the defense. But in the case at bar there is no evidence or indication that the insurance company asked the insured to give such testimony.

Furthermore, the insurance company defended the damage suit only after serving notice on the insured that it would insist on *not* being bound by the policy under the circumstances. Upon those conditions the insured permitted the company to defend. Consequently, I think there was no waiver of the breach of the policy, as held by the district court.

ALBERT, J., joins in dissent.