L. E. GIFFORD, Appellee, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant.

No. 41592.

MAY 2, 1933.

James E. Goodwin, for appellant.

Rippey & Seeburger, for appellee.

CLAUSSEN, J.—In June of 1927, appellee was the owner of an automobile. He then procured two liability and property damage policies on said car, one from appellant and another from the Federal Insurance Company. In April, 1928, he became involved in an accident, while driving such car, as a result of which several persons were injured under circumstances creating liability upon him. He found the policy in the Federal Company, and gave notice of the accident, to that company. The policy with appellant was not with the other policy and some thirty or more insurance policies held by appellee covering various properties and things. Appellee

was under the impression that he had two policies upon the car. He and his secretary searched in his office and he and his wife searched in his home for the missing policy, but it was not found. He did not remember who had written the policy nor the name of the company in which it was written. On September 21, 1928, while looking through a "bill book" in his desk, at his home, he found an identification card issued by appellant, which recalled to his mind the fact that the missing policy had been written by appellant. Thereupon, and on said 21st day of September, 1928, he gave notice of the accident to appellant.

In the meantime appellee had been sued by the injured parties. Appellant disclaimed liability under its policy on account of delay in the service of the notice of accident. These suits were settled and the action at bar is to recover the costs to appellee of such settlements. A verdict was directed for appellee and from judgment thereon, this appeal is prosecuted.

The policy contained this language:

"Condition B: The assured shall give, as soon as practicable, written notice of the accident. * * *"

Counsel for both sides in their arguments agree that the only question raised by the appeal is whether notice of the accident was given *"as soon as practicable."*

It is perhaps impossible to resolve the words "as soon as practicable" into more simple terms, but if it is necessary to translate them into language having an established legal significance, they undoubtedly mean within a reasonable length of time under all the facts and circumstances. As used in the policy under consideration, these words mean the same as "immediately" or "as soon as possible" and many other like expressions, all of which have been construed by the courts of this and other states to mean within a reasonable time.

The words readily lend themselves to this construction, for whether a thing is "practicable" depends upon the actualities,—the very facts and circumstances of the case. Facts persist. A thing is not "practicable" if some element essential to its accomplishment is lacking. Notice cannot be served when the party to be served is unknown, and consequently the service of such notice is not practicable until the identity of the party to be served is known. A party to a contract of insurance containing words of this character should

not be permitted to put himself in a position where he cannot comply with its provisions as to notice, by intentionally or negligently mislaying the policy, and still be permitted to recover. In that situation notice served, upon a subsequent discovery of the policy, could scarcely be said to be served within a reasonable length of time, under all the facts and circumstances, even though it might actually be served as soon as practicable under the facts and circumstances existing at the time of the accident alone. We reach the conclusion that compliance with the condition of the policy, quoted, required that notice of the accident be given within a reasonable time, under *all* the facts and circumstances.

That notice was given as soon as practicable under the facts and circumstances existing at the time of the accident is not open to doubt. It then becomes a question whether it was given within a reasonable length of time, under all the facts and circumstances.

Negligence is never presumed. Orr v. Des Moines Electric Light Co., 207 Iowa 1149, 222 N. W. 560. The record discloses nothing tending to show negligence on the part of appellee in losing or mislaying the policy, except the circumstance that it was not found. (It is neither suggested nor decided that such circumstance is evidence of negligence.) There is no suggestion that the loss of the policy was intentional. A reasonable search was made by appellee after the accident to discover the policy. The situation, existing in this case, has undoubtedly existed in other instances, in which, through the kindness of Providence, it has not been revealed. It is a condition that could easily come into existence in well ordered affairs, and in consequence cannot be said to be unreasonable. Unless we are prepared to hold that the unexplained loss of the policy will defeat recovery upon it, on account of the inability of the insured to give notice of the accident through ignorance of the identity of the insurer, the judgment of the trial court must be affirmed. We are not prepared to so hold. This position finds support, in a measure, in cases holding that a beneficiary under a policy has a reasonable length of time after learning of the existence of the policy, or of the loss, in which to give notice, and make proof of loss. McElroy v. John Hancock Mutual Life Ins. Co., 88 Md. 137, 41 A. 112, 71 Am. St. Rep. 400; Continental Casualty Co. v. Lindsay, 111 Va. 389, 69 S. E. 344; Munz v. Standard Life & Accident Ins. Co., 26 Utah 69, 72 P. 182, 62 L. R. A. 485, 99 Am. St. Rep. 830.

It is squarely sustained by Solomon v. Continental Fire Ins. Co., 160 N. Y. 595, 55 N. E. 279, 46 L. R. A. 682, 73 Am. St. Rep. 707, in which case the policy was contained, at the time of the fire, in a safe in the burned building. The safe was retrieved from the ruins and sent to the manufacturers to be opened. Its contents, including the policy, were removed and were finally placed in the vault of the insured. In some manner the policy fell behind a case of pigeon holes, with the result that examination of the contents of the safe failed to reveal the policy. The name of the insurer was unknown. After a considerable length of time the policy was found behind the pigeon holes, and its terms in relation to notice and proof of loss were complied with, so far as possible, in view of the lapse of time. The policy contained a provision requiring immediate notice of loss. Delay in giving notice of loss was relied on to defeat recovery. It was held that whether compliance with the provision was within a reasonable length of time was a question for the jury, and judgment upon a verdict in favor of insured was permitted to stand.

Our holding is not in conflict with Woodard v. Security Ins. Co., 201 Iowa 378, 207 N. W. 351, 353. In that case the policy required notice of loss and proof of loss. At the time of loss plaintiff did not have the policy in his possession, in fact, he first secured possession of the policy long after the loss. At the time the loss occurred he knew that insurance had been in force on the burned building at the time he acquired title to it. Without suggesting that it was held by the court, that the efforts made to find the policy were inadequate, it can certainly be said that the insured was not very resourceful in his search, and that lines of inquiry concerning the policy were obviously open to him, which he made no effort to pursue. Proofs of loss were never furnished. The reasons underlying the decision in that case are indicated by the following language:

"But, assuming that the question of diligence would on the record be for the jury or the court as the trier of fact, the excuse would only go to the delay. It would not of itself excuse the entire omission to furnish proofs. It would not absolve the plaintiff altogether from the duty of complying with the requirements of the policy. He should at least give the notice and proofs within a reasonable time after acquiring information of the existence of the policy and receiving it into his possession."

In the case at bar the trial court directed a verdict for appellee. Appellant does not complain because the court treated the matter as a law question. In affirming the judgment we are not entrenching upon the rule that even though the evidence is without conflict, a jury question may exist as to whether notice was served within a reasonable time. Nelson v. National Accident Society, 212 Iowa 989, 237 N. W. 341.

The judgment of the trial court is affirmed.

KINDIG, C. J., and EVANS, STEVENS, ALBERT, and DONEGAN, JJ., concur.