ARNOLD J. LEYTEM, d/b/a LEYTEM TRUCKING COMPANY, appellee, v. FIREMAN'S FUND INDEMNITY COMPANY, appellant.

No. 49255.

(Reported in 85 N.W.2d 921)

NOVEMBER 12, 1957.

REHEARING DENIED JANUARY 17, 1958.

Clewell, Cooney & Fuerste, of Dubuque, for appellant.

F. H. Becker, of Dubuque, for appellee.

HAYS, C. J.—Action for declaratory judgment as to plaintiff's status under a certain indemnity insurance policy issued by the defendant. Among other things, under this policy, defendant agreed to (1) indemnify plaintiff against loss imposed by law for damages due to an accident; (2) defend in plaintiff's name and on his behalf any suit against plaintiff alleging such injury; (3) retained the right to investigate, negotiate and settle any claims against plaintiff. Also contained in the policy were the following provisions: (a) "When an accident occurs written notice shall be given * * * as soon as practicable * * *." (b) "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy * * *."

There is no substantial dispute as to the facts. Plaintiff, an operator of trucks and heavy equipment, carried liability coverage, under the above mentioned policy, for accidents in connection with said equipment. On October 1, 1954, a crane, owned by plaintiff and operated by his employee, was engaged in unloading heavy pipes from a railway car for the Key City

Gas Company of Dubuque, Iowa. All men engaged in this work, except the crane operator, were gas company employees. While so engaged, an employee named John Lehman caught his hand between the end of a pipe and the side of the car, sustaining the injuries complained of. Lehman was wearing gloves and, while after the injury there was some blood showing on the glove, the injury did not appear to be too serious. He was immediately taken to a medical clinic by an employee of the gas company. Later that day the operator of the crane told plaintiff that one of the company men "got his hand hurt." It is not contended by plaintiff that he at this time gave notice, either oral or written, to the defendant-company or its authorized agent. Plaintiff heard nothing further about the accident until in September 1955, when he was questioned by an attorney representing the insurance carrier of the gas company. Plaintiff attempted to contact the local agent for defendant-company, but did not succeed until in November 1955. Early in 1956 an action for damages was commenced against plaintiff by John Lehman and the Royal Indemnity of Liverpool. In February 1956, whether before or after the damage action was commenced is not clear, the defendant notified plaintiff by letter that the delay in the giving of notice of the accident "has so prejudiced the further handling of this case and constitutes such a breach of contract that we hereby notify you that we have no liability under the policy and hereby return the matter to you for it no longer falls to us for attention."

By this action, plaintiff asks the court to declare him to be entitled to the benefits of the insurance policy which was in effect on October 1, 1954. The trial court so held and defendant appeals.

I. Appellant asserts the court erred in holding that the failure to give notice of the accident for more than a year thereafter was excused. The policy provides, "When an accident occurs written notice shall be given * * * to the company * * * *as soon as practicable.*" (Italics ours.) This provision "as soon as practicable" has been before this court and other courts many times. Its accepted meaning is "within a reasonable time in the light of the circumstances", and what constitutes a rea-

sonable time is a fact question for the jury. 45 C. J. S., Insurance, sections 982(4a), 1054; and 46 C. J. S., Insurance, section 1375; Lyon v. The Railway Passenger Assurance Co., 46 Iowa 631; Nelson v. National Accident Soc., 212 Iowa 989, 237 N.W. 341; Gifford v. New Amsterdam Cas. Co., 216 Iowa 23, 248 N.W.235. Appellant does not seriously question this attributed meaning but states that a delay of over a year is, as a matter of law, unreasonable; that without a showing of more than the period of delay, coupled with the provision of the contract, "No action shall lie * * * unless, *as a condition precedent* thereto, the insured shall have fully complied with all the terms of this policy, * * *" (italics ours), it was entitled to a decree relieving it of responsibility and liability under the contract.

The trial court based its decree upon three propositions: (1) Lack of prejudice; (2) reasonable mistake; (3) trivial occurrence. We will consider these in reverse order.

■■ (1) Trivial occurrence. 45 C. J. S., Insurance, section 1056(a), states that, generally, delay is excusable in the case of an accident which is trivial and results in no apparent harm, or which furnishes no ground for insured, acting as a reasonable and prudent man, to believe at the time that a claim for damages will arise or that the injury is one insured against. See also 29 Am. Jur., Insurance, section 1115; Annotation, 18 A. L. R.2d 474; Glade v. General Mut. Ins. Assn., 216 Iowa 622, 629, 246 N.W. 794. In Phoenix Indem. Co. v. Anderson's Groves, Inc., 1949, 5 Cir., Fla., 176 F.2d 246, it is said that a provision in a policy requiring notice of an accident as soon as practicable does not mean that every trivial accident that occurs should be reported but only an accident that an ordinarily prudent individual acting reasonably would consider, under all the circumstances, as consequential and which could afford the basis of a claim, and that this is so even though it may later prove to be a serious injury. We think under the above stated rules, a fact finding body might well find the accident to come within the purview of a "trivial occurrence."

(2) Reasonable mistake. The general rule appears to be that insured may be excused for delay in giving the required notice "where it appears that, acting as a reasonably prudent person, he believed that he was not liable for the accident."

18 A. L. R.2d 472. Farm Bureau Mut. Auto. Ins. Co. v. Manson, 94 N. H. 389, 54 A.2d 580, is somewhat similar to the instant case. There a W.P.A. worker was injured by insured's truck but no notice was given to the company for about three months, because he thought that not he but the W.P.A. was liable, and the court held the mistake was a reasonable one. In Gifford v. New Amsterdam Cas. Co., 216 Iowa 23, 25, 248 N.W. 235, 237, insured was involved in a car accident. He carried two liability policies. He gave notice at once to one company. He was unable to find the policy issued by the defendant until some five months later he discovered defendant to be the insurer and gave notice. At this time he had been sued by the injured party. The court said, in excusing the delay, "It is a condition that could easily come into existence in well ordered affairs, and in consequence cannot be said to be unreasonable." In the instant case it appears conclusively that the injured party was an employee of the gas company, and was not at any time employed by appellee. It also appears that the company carried compensation insurance which was known to appellee. A finder of facts might well find that it was not unreasonable for appellee to believe that the accident was not his responsibility and thus give no notice at the time.

(3) Lack of prejudice. Appellant contends that this being a case where the performance of the giving of notice was made a condition precedent, prejudice will be presumed as a matter of law. The authorities are hopelessly divided upon the question and this court does not appear to have passed directly upon the question. However, in Glade v. General Mut. Ins. Assn., 216 Iowa 622, 629, 246 N.W. 794, 798, it is said: "Default in the notice of liability, based upon alleged violations of the policy which were trivial and *resulted in no prejudice* to appellant, or which had not occurred, or such as did not constitute violations, could not avail appellee." (Italics ours.) In the instant record there is no showing that the delay in any way prejudiced the company. It appears that the company was informed of the accident by attorneys for the injured party on October 28, 1955; that it was furnished with the names of the parties who witnessed the accident; on November 10, 1955, and

again on January 3, 1956, it took statements from the appellee relative to the accident. The damage action does not seem to have been commenced until in March 1956. We do not deem it necessary to here determine whether prejudice must be shown in order for appellant to denounce the contract it has entered into. Whether the delay breached the contract is a fact question depending upon the existing conditions. Bearing thereon is the question of the apparent seriousness of the injury at the time it happened, the reasonableness or unreasonableness of appellee's assumption that he was not responsible for the accident, and the absence of any showing of prejudice to the appellant. We feel that under the facts considered in the light of the above recognized legal principles, there is ample support for a finding that the notice was given within a reasonable time, which in effect is what the trial court found and we are bound thereby, this being a law action tried to the court without a jury.

II. Appellant further contends the court erred in receiving evidence as to what plaintiff and various witnesses thought about the purpose of insurance, their interpretation of the insurance, the significance of the accident, the co-operativeness of plaintiff and the procedure of liability insurance companies in cases where a substantial third-party injury and the presence of a subrogated workmen's compensation insurer are known. In the argument, the above statement is divided into three divisions, each dealing with an alleged different type of testimony based upon appellant's statement of facts, but with no attempt to point out any specific testimony that might come under any one of the three divisions. It is clearly an omnibus assignment of error as to testimony received and does not conform to rule 344, Rules of Civil Procedure. It is not considered by the court.

Finding no error, the judgment of the trial court is affirmed. —Affirmed.

All JUSTICES concur except SMITH, J., who takes no part.