JOHN HENDERSON, JR., et ux., appellees, v. HAWKEYE-SECURITY INSURANCE COMPANY, appellant.

No. 49896.

(Reported in 106 N.W.2d 86)

98

NOVEMBER 15, 1960.

Napier & Fehseke, of Fort Madison, for appellant.

Joseph L. Phelan, of Fort Madison, for appellees.

LARSON, C. J.—In a declaratory-judgment action brought by plaintiffs the trial court found that notice of injury specifically required was not given insurer within a reasonable time, and that although there was no fraud or deceit involved and no reasonable mistake shown so as to excuse the failure to give a timely notice, and that the occurrence was not trivial, yet it was necessary for the defendant to affirmatively show prejudice in order for it to renounce its contract with plaintiffs. Having failed to do so, the court held that plaintiffs were entitled to recover the sum of $1000 medical benefits under the terms of the policy.

Defendant assigns as error: (1) That plaintiffs' failure to file a reply to affirmative allegations in its answer entitled it to a judgment; (2) that the court erred in finding as a matter of fact that plaintiff was injured in such a manner as to come

within the terms of the policy; (3) that it erred in finding that, despite the unexcused failure of plaintiffs to comply with the conditions of the policy on notice, defendant had the burden of showing prejudice substantially hampering its defense in order to avoid liability thereunder; and (4) the court's finding that defendant failed to show prejudice. We shall consider only the first three assignments, for clearly the crux of this case is found in Assignment No. 3.

I. It would seem of considerable importance here to determine whether this case was tried as a legal or equitable action. As it was tried below, we consider it on appeal. If it was tried as an equitable action, we review it de novo, and if in law, findings of fact by the trial court, supported by substantial evidence, are binding upon us. Leytem v. Fireman's Fund Indemnity Co., 249 Iowa 524, 529, 85 N.W.2d 921, and citations.

The legal or equitable nature of a declaratory-judgment proceeding is to be determined by the pleadings, the relief sought and the nature of each case. Wetzstein v. Dehrkoop, 241 Iowa 1237, 1246, 44 N.W.2d 695, and authorities cited therein.

Both parties were advised by the court that the matter would be treated as an action on a contract. We have carefully examined the pleadings, as well as taken note of the relief sought, and agree with the trial court.

Of course, controversies over coverage of an insurance contract may be determined in an action for declaratory judgment and they will be entertained by our courts unless it appears the judgment will not finally settle the rights of the parties. Rich Mfg. Co. v. Petty, 241 Iowa 840, 42 N.W.2d 80; Hartford Acc. & Indem. Co. v. O'Connor-Regenwether Post, 247 Iowa 168, 73 N.W.2d 12; rule 261, Rules of Civil Procedure. Also see article on Declaratory Judgments by T. M. Ingersoll, 29 Iowa Law Review, page 62. The trial court here correctly held that a decision would finally settle the rights of the parties, and treated the case as a law action tried to the court. We do likewise.

II. There is no merit in defendant's contention that the court erred in failing to enter judgment for defendant due to plaintiffs' failure to file a reply, or that this failure admitted

all of the affirmative allegations in defendant's answer. Reliance is placed upon rules 73, 85, 102, 103, and 104, R. C. P., but we have repeatedly said that where the issues involved, as they are here, are clearly raised by the petition and answer, specific affirmative allegations as to those issues asserted in the answer need no reply under rule 102, R. C. P. Verlinden v. Godberson, 238 Iowa 161, 25 N.W.2d 347; Shalla v. Shalla, 237 Iowa 752, 23 N.W.2d 814. We are satisfied that all issues involved in the affirmative allegations of the answer were passed upon by the trial court, and upon that issue there was no reversible error.

III. From the record we find that on March 8, 1956, defendant issued a standard combination automobile policy to John Henderson, Jr., which provided under Coverage C automobile medical payments of a maximum of $1000 for each person injured while in or upon or while entering into or alighting from plaintiffs' automobile.

Under "Conditions" listed in this policy, the following appears: "1. Notice of Accident—Coverages A, B and C. When an accident occurs *written notice* shall be given *by or on behalf* of the insured *to the company or any of its authorized agents as soon as practicable.* Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses." (Emphasis supplied.)

Condition 5 relates to the limit of liability under C to $1000 for each person injured. Condition 8 entitled "Action Against Company—Coverage C" states: "No action shall lie against the company unless, as a *condition precedent* thereto, there shall *have been full compliance* with all the terms of this policy, nor until thirty days after the required proofs of claim have been filed with the company." (Emphasis supplied.) Condition 11 further provides: "As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, * * *."

Thus, by the plain terms of the policy, as a condition precedent to maintenance of an action, the insured, or someone on his behalf, must give the company, or its authorized agent,

as soon as practicable, written notice of the accident and injury.

IV. Ruby Henderson, one of the plaintiffs herein, was seriously injured on August 4, 1956, when she was struck by another automobile as she was standing beside the stalled automobile, covered by this policy. It is conceded that her hospital and medical expenses were bona fide and that they exceeded $1000.

It was, of course, her duty as claimant to prove she was injured in a manner covered by the policy provisions, which in this case was while she was "in or upon or while entering into or alighting from the automobile."

By the clear weight of authority actual physical contact with the insured's automobile, when shown, is sufficient to sustain a recovery. It is the rule generally recognized that such words as "while in or upon" in an insurance policy of this nature, require a broad and liberal construction. Sherman v. New York Casualty Co., 78 R. I. 393, 82 A.2d 839, 39 A. L. R.2d 947; Fomby v. World Ins. Co., 115 F. Supp. 913; Madden v. Farm Bureau Mut. Auto Ins. Co., 82 Ohio App. 111, 79 N. E. 586; Christoffer v. Hartford Acc. & Indem. Co., 123 Cal. App.2d Supp. 979, 267 P.2d 887; Goodwin v. Lumbermen's Mut. Cas. Co., 199 Md. 121, 85 A.2d 759; Young v. State Auto. Ins. Assn., 72 Pa. D. & C. 394; Katz v. Ocean Accident and Guarantee Corp., 202 Misc. 745, 112 N. Y. S.2d 737; Wolf v. American Cas. Co., 2 Ill. App.2d 124, 118 N.E.2d 777. See annotation 39 A. L. R.2d 947, 952.

Where one has alighted and is not in physical contact with the car, but is standing or walking away from it, many authorities reject claims under such provisions. Ross v. Protective Indemnity Co., 135 Conn. 150, 62 A.2d 340; New Amsterdam Casualty Co. v. Fromer, 75 A.2d 645, 19 A. L. R.2d 509; Eshelman v. Wilson, 83 Ohio App. 395, 80 N.E.2d 803; Turner v. Fidelity & Casualty Co., 274 Mo. 260, 202 S.W. 1078, L. R. A. 1918E 381.

The issue here became one of fact, and while we may not have agreed with the trial court's finding on this question, we think it was amply supported by the evidence and is conclusive of that fact. Leytem v. Fireman's Fund Indemnity Co.,

supra. There is evidence in the record that Ruby Henderson, when struck down, was leaning against the car attempting to put down the hood which she had raised to look for the cause of the stall. There was no evidence inconsistent with such testimony by Mrs. Henderson, although defendant argues that her testimony in a previous case implied that she was not in contact with her automobile when struck. It is true that in a previous damage action against the third party who struck her she did not state she was leaning against her car. However, her statement that she was "standing at the left front corner of my automobile" is not in conflict with her statements herein. Her position revealed by the investigations and testimony does not refute the contact contention, and her direct statement that "I was leaning against the automobile", if believed, is competent evidence and ample proof of such contact.

V. By the great weight of authority in this country where an insurance policy provides that the insured shall give notice and furnish proofs of loss within a reasonable time, and this is made a condition precedent to the right to bring an action on the policy, no recovery can be had thereon unless some legal justification or excuse for the delay appears. Woodard v. Security Ins. Co., 201 Iowa 378, 207 N.W. 351; Hessen v. Iowa Auto. Mut. Ins. Co., 195 Iowa 141, 190 N.W. 150, 30 A. L. R. 657; Meyer v. Iowa Mutual Liability Ins. Co., 240 Ill. App. 431, 436; Phoenix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 205 S.W. 128, 130; Lee v. Metropolitan Life Ins. Co., 180 S. C. 475, 186 S.E. 376, 381; Jefferson Realty Co. v. Employers' Liability Assur. Corp., 149 Ky. 741, 149 S.W. 1011, 1014; Sherwood Ice Co. v. United States Casualty Co., 40 R. I. 268, 100 A. 572, 576; Employers' Liability Assur. Corp. v. Perkins, 169 Md. 269, 181 A. 436, 442; St. Louis Architectural Iron Co. v. New Amsterdam Cas. Co., 8 Cir., Mo., 40 F.2d 344, 347, certiorari denied 282 U. S. 882, 51 S. Ct. 86, 75 L. Ed. 778; Hawkeye-Security Ins. Co. v. Myers, 7 C. C. A. (Ill. 1954), 210 F.2d 890; Preferred Acc. Ins. Co. of N. Y. v. Castellano, 2 C. C. A. (Conn. 1945), 148 F.2d 761; Arthur v. London Guarantee and Accident Co., 78 Cal. App.2d 198, 177 P.2d 625; Country Mutual Casualty Co. v. Van

Duzen, 351 Ill. App. 112, 113 N.E.2d 852; Simmon v. Iowa Mut. Cas. Co., 350 Ill. App. 1, 111 N.E.2d 374; Metropolitan Life Ins. Co. v. Johnson, 214 Ind. 1, 12 N.E.2d 755; Depot Cafe v. Century Indemnity Co., 321 Mass. 220, 72 N.E.2d 533; Continental Studios, Inc. v. American Auto. Ins. Co., 340 Mich. 6, 64 N.W.2d 615; Malloy v. Head, 90 N. H. 58, 4 A.2d 875, 123 A. L. R. 941; Miller v. Zurich General Accident and Liability Ins. Co., 36 N. J. Super. 288, 115 A.2d 597; Jeannette Glass Co. v. Indemnity Ins. Co., 370 Pa. 409, 88 A.2d 407; and Klein v. Century Lloyds, Tex. Civ. App., 275 S.W.2d 91.

█ Definite, basic, specific and reasonable provisions made conditions precedent to action on the policy cannot be ignored, and an unexcused breach of these conditions cannot be viewed in any other light than a breach of contract which will defeat recovery upon claim made thereunder. Watson v. Ocean Accident and Guarantee Corp., 28 Ariz. 573, 238 P. 338; State Farm Mutual Auto. Ins. Co. v. Cassinelli (1950), 67 Nev. 227, 216 P.2d 606, 18 A. L. R.2d 431. A host of cases across the country support this rule. Many authorities are listed in annotations found in 76 A. L. R. 182, 123 A. L. R. 981 and in 18 A. L. R.2d 443 and 452. The statement of the general rule is found in 29A Am. Jur., Insurance, page 496, section 1380, that "Provisions making the furnishing of proofs of loss within a stipulated time a condition precedent to liability on the part of the insurer, or providing for forfeiture for failure to file within that time, will ordinarily be given effect, provided a satisfactory excuse for the noncompliance or the delay in compliance is not given."

Apparently it was the trial court's determination that, even without showing excuse or legal justification for the failure to comply with the policy provisions, the defendant-insurer must prove prejudice to avoid liability. This, we think, was error.

It was stipulated, and the evidence clearly showed, that the first notice of injury given defendant by the insured or Mrs. Henderson was by a letter from plaintiffs' attorney dated August 29, 1957, or about 13 months after the injury. No excuse or legal justification for the delay was pleaded, and little or no testimony thereon was offered. The evidence disclosed

that the policy was mislaid for some 60 days after the accident, but was found and turned over to their attorney on October 6, 1956. However, no notice was given the defendant until August 29, 1957, over a year after the accident.

The trial court found as a matter of fact that plaintiffs had failed to comply with Condition 1 of the policy and had not given notice "as soon as practicable" or within a reasonable time.

We have held that whether a delay in serving notice was excused so as to avoid the breach of contract is a fact question depending upon the existing conditions. Leytem v. Fireman's Fund Indemnity Co., supra, 249 Iowa 524, 529, 85 N.W.2d 921, 924. In the Leytem case it was said: "Bearing thereon is the question of the apparent seriousness of the injury at the time it happened, the reasonableness or unreasonableness of appellee's assumption that he was not responsible for the accident, and the absence of any showing of prejudice to the appellant." The court there found substantial legal justification or excuse, and no prejudice had resulted to insurer; in other words, there was substantial performance of the contract by plaintiff. As the evidence was sufficient to sustain that determination by the finder of fact, recovery was allowed to stand.

In the case at bar the court found no legal justification for plaintiffs' failure, but it did find the breach had resulted in no prejudice to the defendant. For some reason the court placed the burden to prove prejudice upon the defendant. Obviously no policy provision so provides. Even with the liberal construction usually given insurance contracts, we cannot justify the position that, unless the company proves prejudice, there can be no breach of the contract which would relieve the company of liability. Such a construction would truly rewrite the contract and be most unreasonable. Thus while the insured may avoid a breach of contract in many instances by showing excuse or legal justification, once the unexcused breach has been found and not waived, prejudice should be presumed. Such is the case before us.

It is fundamental contract law that plaintiff has the obligation to prove compliance with the terms of such a contract or

to bring himself under recognized exceptions. Only when plaintiffs have satisfactorily shown excuse or legal justification, such as reasonable mistake or trivial occurrence, does the burden to show actual prejudice fall upon the defendant-insurer, and then it becomes an element in the question of substantial compliance.

Our pronouncements as to whose burden or obligation it is to show prejudice, or lack thereof, when there is a breach by the insured, leave much to be desired. As a matter of fact, there is a split of authority in this country as to whether evidence of prejudice following a breach of a basic condition made a condition precedent in an insurance contract not excused or waived is material. State Farm Mutual Auto. Ins. Co. v. Cassinelli (1950), supra, 67 Nev. 227, 216 P.2d 606, 18 A. L. R.2d 431.

It is true we have in the past used language in some of our opinions which would lead one to the conclusion that, even though a breach of the conditions in an insurance contract appeared, the insurer should not escape liability thereunder unless it proved it had been prejudiced by the breach. This is clearly the minority view. However, in those cases it is evident that the decision was not based solely on that ground but was based upon waiver, legal excuse or some other recognized legal justification. Rowe v. Stufflebeam, 249 Iowa 985, 988, 89 N.W.2d 875 (waiver); Leytem v. Fireman's Fund Indemnity Co., supra, 249 Iowa 524, 526, 527, 85 N.W.2d 921 (trivial incident and legal excuse); Van Buren County v. American Surety Co., 137 Iowa 490, 495, 115 N.W. 24, 126 Am. St. Rep. 290 (fraud); and Schoeman v. Loyal Protective Life Ins. Co., 239 Iowa 664, 670, 32 N.W.2d 212, 215 (waiver). It is also pointed out in those cases that courts usually require a much stricter compliance with conditions precedent, or those that are of the very essence of the agreement, than those which relate to remedy alone and are in fact conditions subsequent.

We are inclined to the view that a substantial breach of a condition precedent in an insurance policy which involves the very essence of the agreement and which is not excused, legally justified, or which has not been waived, must be pre-

sumed prejudicial to the insurer. Although the presumption is rebuttable, unless overcome by a satisfactory showing of lack of prejudice by the claimant, it will defeat his recovery.

We are satisfied the condition in plaintiffs' policy requiring reasonable notice is one of the basic and essential provisions of the contract, and that it is of the essence of the agreement. It is the only avenue by which unjust claims can be successfully denied or defended. Unless given notice within a reasonable time, evidence could be lost and key witnesses never discovered. Substantial compliance with such a condition must be shown by claimant, or he must show such failure was excused, or that the requirements of the condition were waived, or that such failure to comply was not prejudicial to insurer in order to maintain the action against insurer. We conclude, therefore, that unless this burden has been carried by claimants, prejudice to insured must be presumed.

Here admittedly insured failed to show that she substantially performed the condition precedent by giving notice "as soon as practicable", which we have often said means within a reasonable time. Over twelve months delay was a breach of that condition, and plaintiffs failed to prove excuse, legal justification or a waiver of the condition. Thus, a presumption of prejudice to insurer was raised and, without satisfactory evidence by plaintiffs to overcome it, recovery could not be allowed.

In view of the trial court's error in placing the burden of establishing prejudice, or the lack thereof, improperly, we must reverse and remand the cause for a new trial.—Reversed and remanded.

All JUSTICES concur.