The ESTATE of Sam LINDERHOLM,
Deceased, Appellant,

v.

STATE AUTOMOBILE & CASUALTY
UNDERWRITERS, Appellee.

No. 53396.

Supreme Court of Iowa.

July 24, 1969.
Rehearing Denied Sept. 15, 1969.

Hammer, Matthias, Tyler & Levin, Newton, for appellant.

Selby, Updegraff & Johnson, Newton, for appellee.

LARSON, Justice.

Plaintiff appeals from a summary judgment in favor of defendant entered in an action brought to recover the amount of a claim allowed against the estate of Sam Linderholm, deceased, in favor of one Harry Diehl who claimed injury as a result of the negligent operation of a motor vehicle by Sam Linderholm, who at the time held a liability policy issued by the defendant.

On July 20, 1962, it was alleged that Sam Linderholm, an elderly person, offered his friend Harry Diehl, age 77, a ride to Dr. Lyke's home outside Newton, Iowa. When they arrived, Diehl left the automobile and walked around it, stopping near the left front fender to talk to Linderholm. At that place it was necessary to back the automobile to exit and, as Linderholm started to do so, the left front fender brushed Diehl and he fell into a small flower garden. Diehl testified in the hearing on his claim against the Linderholm estate, brought two years thereafter, that he did not know if he was hurt, that he got right up and went into the doctor's home for his osteopathic treatment. He did not complain to the doctor of any injury and never advised Linderholm that he had been hurt in the fall prior to Linderholm's death June 25, 1964. The first notice plaintiff had of this accident and claim was when Diehl filed his claim in the estate on July 20, 1964, and notice thereof was given defendant on July 29, 1964. At that time defendant refused to defend and, pursuant to a hearing on the Diehl claim, the court allowed it in the sum of $4,905.30 plus interest and costs. This action followed.

These related facts are taken from the pleadings, from a transcript of the Diehl testimony in the hearing on his claim admitted by agreement, and from the affidavits filed in connection with defendant's motion for a summary judgment. They are not in dispute.

Plaintiff's petition contained the allegation that the insured complied in all respects to the terms of the insurance policy and that defendant had refused to comply with its terms, that plaintiff's decedent and plaintiff had fully performed each and every part of the contract required to be performed, and that defendant refused to pay any sums due thereunder.

Defendant's answer admitted the issuance of the policy and attached thereto a copy thereof, admitted the claim allowance as asserted and the payment thereof by the estate, but denied that plaintiff's decedent or plaintiff had complied with the terms of the policy. By way of an affirmative defense it alleged the insured was in an accident causing Diehl's injury, that Linderholm failed to give it notice of the accident and thus failed to comply with the first condition of the policy contract, which barred recovery under the provisions of Condition No. 7 of the policy, providing: "No action shall lie against the Company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy." It further alleged defendant was prejudiced by being denied the opportunity to fully and adequately inform itself as to the surrounding facts and circumstances.

In plaintiff's reply to the affirmative allegations in defendant's answer she alleged her decedent during his lifetime had no knowledge of any injury to Diehl on July 20, 1962, and thus could not give notice thereof to defendant. She also alleged she promptly gave notice to defendant when she, as executrix, became aware of the Diehl claim, and that this was substantial

compliance with the terms of the policy. She denied all other allegations in defendant's answer which would conflict with her statement above.

Thereafter pursuant to Rule 237, Rules of Civil Procedure, defendant on September 12, 1968, filed its motion for summary judgment, which asserted there was no issue of fact to be determined in the cause, because plaintiff in her petition admits the insured was involved in an automobile accident wherein Harry Diehl was injured on July 20, 1962, because the insured Sam Linderholm was aware of the accident, and because he failed to give notice thereof as required by the policy of insurance. By attached affidavit of defendant's branch claim manager, the company records revealed that no notice of any accident involving the insured Samuel Linderholm and one Harry Diehl on July 20, 1962, was ever given to State Automobile & Casualty Underwriters by Samuel Linderholm, and disclosed that the company was unaware of the accident until it was provided a copy of an original notice, with petition attached, alleging injuries to Diehl as a result of the accident over two years after its occurrence.

Plaintiff's resistance to the motion alleged there were issues of fact to be determined, that the incident upon which a claim was later made at the time appeared to be a "trivial occurrence" insufficient to require notice, that the delay in informing defendant did not prejudice it, and that the real issue for jury determination herein is whether under the revealed circumstances a notice was given in compliance with that policy provision, and that it could not under this record be determined as a matter of law. By attached affidavit of an attorney for plaintiff, it appears a letter was mailed to the defendant advising it of the Diehl claim along with a photo copy of the claim filed in court, which claim was based on an alleged injury "received when this claimant was struck by an automobile owned and driven by the decedent, Samuel Linderholm, in Newton, Jasper County, Iowa, on July 20, 1962." It also asserted the filing of the claim was the first knowledge by the executrix of the claim of Harry Diehl.

Appellant contends under this record she was entitled to have a jury determine the facts as to whether the decedent Linderholm knew or should have known of the injury to claimant on July 20, 1962, and whether under the circumstances timely notice was given to defendant as required under the insurance contract. In her principal brief point she maintains she should have the opportunity to present to a jury the issue of whether her excuse for the delayed notice was reasonable and would justify a finding of substantial compliance with the policy requirements.

Appellee contends under this record that plaintiff is not entitled to coverage because, by not giving defendant notice of the claim and accident until July 29, 1964, plaintiff failed to comply with the provision of the policy requiring that defendant be given notice of an accident "as soon as practicable."

The paragraph of the policy providing for notice of an accident provides: "When an accident occurs written notice shall be given by or on behalf of the insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the insured and of available witnesses."

Appellee also contends no accident report as such was ever made to it subsequent to the incident on July 20, 1962, that the insured was fully aware of the accident and should have reported it, that it was prejudiced by this failure, and that these facts were sufficiently admitted by plaintiff's resistance to defendant's motion to justify a finding by the court that no fact issues remained for submission to a jury. We cannot agree.

**564**

**I.** We look with favor upon the application of the summary judgment provisions of our rules and do not wish to discourage the use of Rule 237 in matters of this kind, but we must also be sensitive to the misuse of these provisions in cases which properly present questions of fact. If the necessary factual issue does not exist, then to require a trial in such a case would be contrary to the policy expressed in the adoption of the summary judgment provision in our rules. However, Rule 237 is not meant to foreclose a trial on the merits if there is a fact question reasonably generated by the pleadings and, when it appears by the motions and affidavits that material fact issues are generated, the court should not grant a summary judgment.

Our first question, then, is whether plaintiff's affidavit raises a genuine issue of material fact which admittedly would defeat defendant's motion for a summary judgment. The affidavit filed herein does state that notice of the claim and its contents was sent to defendant on July 29, 1964, and that the filing of the claim on July 20, 1964, was the first knowledge the executrix had of any claim of accidental injury caused by the July 20, 1962, incident.

**II.** Ordinarily, the question of whether a notice has been reasonably given is one of fact for the jury and not one of law for the court. It is only where the facts are undisputed and where only one conclusion could be reasonably drawn from them that a question of compliance with a provision for notice is one of law. International Harvester Co. v. Continental Cas. Co., 33 Ill.App.2d 467, 475, 179 N.E.2d 833, 836, and citations; Wehner v. Foster, 331 Mich. 113, 49 N.W.2d 87; Baker v. Metropolitan Casualty Ins. Co. of N. Y., 118 Conn. 147, 153, 171 A. 7, 9. Also see 45 C.J.S. Insurance § 1056; 44 Am.Jur.2d Insurance, § 1465; annotation 18 A.L.R.2d § 40, p. 505. To the same effect, see Parrish v. Phillips, 229 Wis. 439, 444, 282 N.W. 551, 553, where it is said:

" 'Where the facts are uncertain or disputed, and the inferences doubtful, the question whether timely notice was given is one for the jury under proper instructions; but, where the facts are not in dispute, and the inferences are certain, it is a question of law for the court.' Foster v. Fidelity & Casualty Co. of New York, 99 Wis. 447, at page 451, 75 N.W. 69, at page 70, 40 L.R.A. 833."

**III.** By the great weight of authority where an insurance policy provides that the insured shall give notice within a reasonable time, and this is made a condition precedent to the right to bring an action on the policy, no recovery can be had thereon *unless* some legal justification or excuse for the delay appears. Henderson v. Hawkeye-Security Ins. Co., 252 Iowa 97, 103, 106 N.W.2d 86, 90, and many cases cited therein. Appellant maintains her attorney's affidavit and the hearing on defendant's motion for summary judgment clearly raised a genuine issue as to whether the insured had reasonably concluded the incident which gave rise to the Diehl claim was so trivial that it need not be reported, and whether the executrix' act in sending the belated claim to the company on July 29, 1964, was excusable and sufficient to comply with the policy provision. If these issues appear in the affidavit, and we believe they do, the court was in error in deciding as a matter of law that plaintiff was without remedy under the circumstances.

**IV.** In this jurisdiction we have held, where a provision in an insurance policy requires notice of an accident be given the insurer as soon as practicable, it does not mean that every trivial accident that occurs should be reported, but only an accident that an ordinarily prudent individual acting reasonably would consider under all the circumstances as consequential and which could afford the basis of a claim, and this is so even though it may later prove to be a serious injury. Leytem v. Fireman's Fund Indemnity Co., 249 Iowa

524, 527, 85 N.W.2d 921, 923. Also see Phoenix Indem. Co. v. Anderson's Groves, Inc., 5th Cir. (Florida), 176 F.2d 246.

In 45 C.J.S. Insurance § 1056a, it is stated that, generally, delay in giving notice is excusable in the case of an accident which is trivial and results in no apparent harm, or which furnishes no ground for insured, acting as a reasonable and prudent man, to believe at the time that a claim for damages will arise. To the same effect, also see 44 Am.Jur.2d Insurance, § 1465, and annotation 18 A.L.R.2d 466, sections 16–40.

In Leytem v. Fireman's Fund Indemnity Co., supra, we held that whether a delay in serving notice of an accident was excused so as to avoid a breach of contract is a fact question, depending upon the existing conditions. We said therein at page 529 of 249 Iowa, at page 924 of 85 N.W.2d: "Bearing thereon is the question of the apparent seriousness of the injury at the time it happened, the reasonableness or unreasonableness of Appellee's assumption that he was not responsible for the accident, * * *." In Leytem, we found substantial legal justification for the delay and held that under the showing made there was substantial performance of the contract by plaintiff, although the period of delay there was over one year.

■ V. Although here we do not purport to decide whether plaintiff can sustain her burden to show legal justification for her delay or the adequacy of her notice, we do believe she has sufficiently raised these issues to proceed to trial and that the defendant's motion for summary judgment should have been overruled. The issue as to whether Linderholm acted as a reasonable prudent person when he assumed that the incident where Diehl was injured was trivial and resulted in no apparent harm is factual, and upon that fact depends the legal justification for the delayed notice. Although there is no dispute as to the late notice, appellant must be afforded the opportunity to establish, if she can, her

alleged excuse for the delay, which is predicated upon the reasonableness of the insured's assumption of trivial occurrence and no apparent harm. We hold the plaintiff's affidavit sufficiently raises this issue and, therefore, remand the case for further proceedings in conformity with this opinion.

Reversed and remanded.

All Justices concur.