The ESTATE of Sam LINDERHOLM, Deceased, Appellee,

v.

STATE AUTOMOBILE & CASUALTY UNDERWRITERS, Appellant.

No. 55086.

Supreme Court of Iowa.

Dec. 20, 1972.

Selby & Updegraff, Newton, for appellant.

Hammer, Matthias, Tyler & Levin, Newton, for appellee.

Heard before MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

LeGRAND, Justice.

This case is here for the second time on the same question—whether plaintiff's decedent complied with the provision of his automobile liability policy requiring that notice of accident be given "as soon as practicable."

In 1969, we considered this matter in connection with plaintiff's appeal from summary judgment entered for defendant. See Estate of Linderholm v. State Automobile & Casualty Underwriters, 169 N. W.2d 561 (Iowa 1969). In reversing and remanding for trial, we held the summary judgment was improperly granted because there were genuine issues of fact to be resolved as shown by the pleadings and supporting affidavits. We said at page 564:

"We look with favor upon the application of the summary judgment provisions of our rules and do not wish to discourage the use of Rule 237 in matters of this kind, * * *. *However, Rule 237 is not meant to foreclose a trial on the merits if there is a fact question reasonably generated by the pleadings and, when it appears by the motions and affidavits that material fact issues are generated, the court should not grant a summary judgment.*" (Emphasis added.)

On remand the case was tried to a jury on the identical pleadings which had been before us on the summary judgment appeal. The jury returned a verdict for plaintiff on the question of late notice.

The defendant now seeks relief solely on the following assignment of error:

"The court erred in overruling the defendant's motion to direct a verdict for the defendant and in submitting to the jury the issue of excuse or legal justification for failure to give notice of accident, this issue not being raised by the general denial in plaintiff's reply to the specifically pleaded defense of no notice of accident as set forth in the defendant's answer."

Rule 237(c), Rules of Civil Procedure, provides in part as follows:

"The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

Under this rule, our conclusion in the 1969 appeal necessarily embraced a finding that the pleadings and supporting affidavits generated a genuine issue of material fact. The quotation already set out shows we

there determined these pleadings to be invulnerable to the objection now urged as does this additional statement found at 169 N.W.2d page 565:

"Although here we do not purport to decide whether plaintiff can sustain her burden to show legal justification for her delay or the adequacy of her notice, *we do believe she has sufficiently raised these issues to proceed to trial* and that the defendant's motion for summary judgment should have been overruled. (Emphasis added.)

The trial court was right in holding our decision in the summary judgment case had already settled this issue, and the judgment is therefore affirmed.

Affirmed.