LOCIE ALLEN *vs.* ATLANTIC NATIONAL INSURANCE
COMPANY & another.

Suffolk.    December 10, 1965. — February 4, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Insurance,* Liability insurance, Coöperation clause, Disclaimer of liability.

Breach of a provision of a liability insurance policy requiring the insured
to coöperate with the insurer and to attend trials upon its request was
not shown where it appeared that, just before trial of an action against
the insured, an elderly woman, at which she did not appear, the attorney
for the insurer attempted to reach her by telephone and then sent her a
telegram requesting her to "contact . . . [his] office immediately con-
cerning" the accident giving rise to the action, and that the insured's son
called the attorney's office as a result of the telegram.   [182–183]
In a telegram sent by the attorney for the insurer under a liability insur-
ance policy to the insured just before trial of an action against the in-
sured, requesting the insured to "contact . . . [the attorney's] office
immediately concerning" the accident giving rise to the action, the fur-
ther words "otherwise you will be personally responsible" did not con-
stitute a reservation of a right of the insurer to disclaim liability under
the policy for breach of a "coöperation" provision therein.   [183]
Where the insurer under a liability insurance policy, without reserving a
right to disclaim liability thereunder, defended an action against the
insured up to the time of an adverse verdict and thereupon purported
to disclaim, the disclaimer was ineffective.   [183]

BILL IN EQUITY filed in the Superior Court on August 21,
1964.

The suit was heard by *Sullivan,* J.

*Avram G. Hammer* for the defendant.

*Edward M. Ginsburg* for the plaintiff.

SPIEGEL, J.   The plaintiff, Locie Allen, having obtained
a judgment in the amount of $4,996.53 in an action at law
for personal injuries against the defendant Mrs. Mania
Fisch, brings this bill in equity to reach and apply the pro-
ceeds of a liability insurance policy issued by the defendant
Atlantic National Insurance Company (Atlantic) to Mrs.
Fisch.   Atlantic appeals from a final decree in favor of the

plaintiff.   The trial judge made "Findings, Rulings and Order for Decree" and adopted his findings as a report of material facts.   The evidence is reported.

The judge found that while Mrs. Fisch was in Florida, an accident causing the plaintiff's injuries occurred on premises in Boston owned by Mrs. Fisch.   The property was covered by the liability policy issued by Atlantic.   Atlantic's attorney representing Mrs. Fisch defended the action at the trial before the auditor and throughout the trial before a jury.   "Two telephone calls were made to Mrs. Fisch to request her appearance at the trial to a jury, and a telegram was sent to her, which arrived at her place of residence at 11 o'clock the night before her appearance was requested."   Mrs. Fisch is seventy-seven years old and "speaks less than perfect English."   Her son attempted to respond on her behalf.   There is no indication that her appearance at the trial was necessary or that she could have contributed anything to the defence of the action.   After the jury returned their verdict against Mrs. Fisch, Atlantic sent her a disclaimer.

There was evidence that Atlantic's attorney made no attempt to communicate with Mrs. Fisch from October, 1963, until May 10, 1964, three days prior to the jury trial.   At that time the attorney attempted to reach her by telephone. He made one more attempt to call her on May 12 and then sent her a telegram on the evening before the trial.   The telegram did not notify her of the date of trial or request her presence at the trial, but merely stated: "Contact . . . [the attorney's] office immediately concerning accident of May[1] 14, 1959, at 388 Blue Hill Avenue otherwise you will be personally responsible."

Atlantic contends that there was a material breach by Mrs. Fisch of the clause of the policy which reads, "The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials . . .." It argues that there was no evidence that Mrs. Fisch at-

---

[1] The pleadings state that the accident occurred on March 14, 1959.

tempted to respond to the telephone calls and telegram from Atlantic's attorney. However, our examination of the record in the present suit reveals that Mrs. Fisch testified, without objection, that her son called the attorney's office as a result of the telegram.

"The obligations under a coöperation clause are reciprocal. The insured must coöperate; but the insurer is under a duty to exercise diligence and good faith in bringing that about." *Imperiali* v. *Pica,* 338 Mass. 494, 498–499. We are satisfied that Mrs. Fisch made an adequate response to the notification which she received, and, consequently, there was no failure to coöperate within the meaning of the policy terms.

Even if Atlantic had grounds to make a disclaimer, it was required to enter a reservation of rights or make a disclaimer at the beginning of the jury trial. *Goldberg* v. *Preferred Acc. Ins. Co.* 279 Mass. 393, 398–399. *Salonen* v. *Paananen,* 320 Mass. 568, 573. *Polito* v. *Galluzzo,* 337 Mass. 360, 365. We are of opinion that the cryptic statement "[O]therwise you will be personally responsible" in the telegram to Mrs. Fisch was not a sufficient reservation of rights. The disclaimer was ineffective because it was made after the verdict was rendered. *Daly* v. *Employers Liab. Assur. Corp. Ltd.* 269 Mass. 1, 4. *Rose* v. *Regan,* 344 Mass. 223, 228.

*Decree affirmed with costs of appeal.*