SILVANA LAPPO, Plaintiff-Appellee, *v.* SHIRLEY THOMPSON, Defendant.— (SAFEWAY INSURANCE COMPANY, Garnishee-Appellant.)

First District (1st Division)    No. 79-1867

Opinion filed July 28, 1980.

Block, Levy & Becker, Chartered, of Chicago, for appellant.

Jack Toporek, of Lane & Munday, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant garnishee Safeway Insurance Company appeals from a garnishment judgment in which it was ordered to reimburse plaintiff Silvana Lappo for injuries sustained in an automobile accident caused by the assured, defendant Shirley Thompson. As a defense, Safeway unsuccessfully raised the assured's refusal to cooperate in the defense of the lawsuits resulting from the accident. The trial court ruled that Safeway waived this defense by defending the assured. Safeway appealed.

On appeal, Safeway contends that the trial court erred in finding that it waived the defense of noncooperation by the assured.

We affirm.

Defendant Shirley Thompson was the driver of an automobile that collided with plaintiff Lappo's auto. Thompson was covered by an insurance policy with garnishee defendant Safeway Insurance Company. The policy contained the usual provision requiring the assistance and cooperation of the insured. Plaintiff subsequently commenced two separate actions: one for property damage and one for bodily injury.

Although Safeway received timely notice of the property damage suit, its first notification of the pending personal injury suit came when plaintiff's counsel sent Safeway a letter notifying it that a default judgment had been entered. Safeway promptly sent Thompson a certified letter advising her that it would proceed with her defense in spite of her failure to provide the company with notice of the personal injury suit. Safeway reserved its rights under the cooperation clause, however. Simultaneously, Safeway sent her another certified letter advising her that a law firm had been retained to defend her. It was later learned that a senior partner in the firm owned 25-33 percent of Safeway's stock.

Numerous letters were sent by defense counsel to Thompson requesting her to appear on various dates for the purpose of giving a deposition. She never responded or appeared. The defense firm sent her a letter advising her that Safeway would be notified of her noncooperation. One of the firm's secretaries allegedly telephoned Thompson and asked her if she were going to attend a deposition. Thompson allegedly replied that she could not attend.

Subsequently, mailgrams were sent to Thompson, notifying her of the tentative trial date. The mailgrams advised her of her duty to testify and requested that she contact counsel. She did not respond. When the trial date was rescheduled, she also received mailgrams notifying her of the new date.

When the case finally went to trial, Thompson did not appear. The jury trial lasted three days and during that time, counsel sent her three mailgrams requesting her presence. Judgment was later entered against her.

Plaintiff subsequently initiated a garnishment proceeding against Safeway. As a defense, Safeway raised the issue of Thompson's failure to cooperate. The trial judge, however, ruled that Safeway waived that defense and entered a judgment against Safeway. Safeway appeals.

On appeal, Safeway argues that the trial court erred in concluding that it waived the defense of noncooperation. Safeway cites several cases which hold that an insurer may continue to represent an insured without necessarily waiving the defense of noncooperation by the insured.

■■ In order to assert the affirmative defense of noncooperation, the burden is on the insurer to establish by a preponderance of the evidence that it acted in good faith to secure the attendance of its assured at trial and that assured's failure to appear was due to her refusal to cooperate. (*Anderson v. Lawlor* (1975), 27 Ill. App. 3d 150, 326 N.E.2d 529.) Good faith is evaluated not only in terms of what the assured failed to do, but also what the insurer did to secure her cooperation. (*Penn v. Progressive General Insurance Co.* (1966), 74 Ill. App. 2d 32, 219 N.E.2d 857.) Whether insurer exercised a reasonable degree of diligence and whether

assured's failure to appear was actually a refusal to cooperate are determined by an examination of the facts of each case. *Mazzuca v. Eatmon* (1977), 45 Ill. App. 3d 929, 360 N.E.2d 454.

In *Johnson v. Wade* (1977), 47 Ill. App. 3d 610, 365 N.E.2d 11, the court held that the garnishee could not argue noncooperation by the assured for failure to appear in court where the garnishee merely sent the assured a letter giving notice of the court date. The court noted that the assured's failure to respond to the letters should have put the garnishee on notice that the assured might not appear. The court concluded, therefore, that it was incumbent upon the garnishee to seek additional means in order to insure the availability of the assured, (*i.e.*, through the issuance of a subpoena.) Similarly, in *Ray v. Johnson* (1967), 81 Ill. App. 2d 456, 225 N.E.2d 158, the court found no refusal to cooperate where a letter was the only notice of the trial date given to the assured. The court ruled that the garnishee had failed to establish diligence in securing the cooperation of the assured since the garnishee was aware that the assured was a poorly educated black man who might not be able to read the letter.

Likewise in the present case we feel much more could and should have been done to secure Thompson's cooperation. Though numerous letters were sent informing her of the various deposition and trial dates, little or no attempt was made to contact her personally. As noted in *Johnson*, her failure to respond to the letters within a reasonable time served as constructive notice that a problem existed. Additionally, the assured misspelled her name when she signed for a receipt of a certified letter. This created the possibility that she might have a literacy problem, a possibility never pursued by Safeway and one which might explain her failure to respond to the letters. Consequently, we feel that under these facts Safeway has failed to establish that Thompson refused to cooperate and further, that they exercised a reasonable degree of diligence in attempting to secure her cooperation.

Accordingly, for the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.