**AMERICAN GUARANTEE AND LIA-
BILITY INSURANCE COMPANY,
A New York Corporation, Appellant,**

v.

**CHANDLER MANUFACTURING CO.,
INC. and Louis Liska, Defendants,**

and

**Maxwell City, Inc., d/b/a Craft Indus-
tries and Illinois Industrial
Tool, Appellees.**

No. 90–147.

Supreme Court of Iowa.

March 20, 1991.

Steven K. Warbasse, Cedar Rapids, for appellant.

Jerry L. Schnurr, III of Trevino, Leehey & Schnurr, Fort Dodge, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, NEUMAN, and ANDREASEN, JJ.

SCHULTZ, Justice.

This appeal presents issues arising from a cooperation clause in a liability insurance policy issued by American Guarantee and Liability Insurance Company (American). A coverage dispute arose as an aftermath of a products liability suit involving a defective battery charger that caused a fire loss. Both the manufacturer, Chandler Manufacturing Co., Inc. (Chandler), and distributor, Maxwell City, Inc. (Maxwell), of the battery charger had a judgment entered against them. On a cross-claim, Maxwell secured a judgment against Chandler for indemnification of the entire loss. American, as Chandler's insurer, brought a declaratory judgment action seeking to void the insurance policy. American contended that it had no duty to pay Maxwell's judgment because Chandler violated the cooperation clause of the policy. The trial court refused to void the policy. We affirm.

Chandler's policy with American was effective on March 13, 1982, the date of the fire loss. Chandler never notified American of the fire loss or the products liability suit which was filed against Chandler in November 1983. In October 1985 American first became aware of the suit against Chandler from a letter sent by Maxwell's attorney notifying American of Maxwell's cross-claim against Chandler. After receiving this notification, American proceeded to defend the action on behalf of Chandler. American wrote a letter to George Chandler (George), President of Chandler, notifying him of its intention to defend the action subject to a reservation of rights. The record is unclear on whether the reservation of rights letter was mailed before or after American assumed the defense of this action.

Chandler's inaction may be explained in part by the fact that Chandler went out of business in 1982 and filed for bankruptcy in 1984. Chandler's bankruptcy case was closed on December 31, 1985, without assets remaining or distributions being made to unsecured creditors.

The liability policy in this case contained terms detailing an insured's duties in the event of an occurrence, claim, or suit. One clause required an insured to notify American of any occurrences, which are defined in the policy as accidents resulting in property damage. Another clause required the insured to report any claims or suits brought against it to American. The policy also contained a cooperation clause,[1] and a provision that "[n]o action shall lie against the Company unless, as a condition precedent thereto, there shall have been full Compliance with all of the terms of this policy...." Throughout this action American has relied upon Chandler's breach of the cooperation clause, rather than a breach of the notice provisions.

Trial of American's declaratory judgment petition was to the court. American presented evidence of George's failure to

---

1. The insured shall cooperate with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, accept [sic] at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

answer numerous letters sent to him at his home in Evanston, Illinois. These letters stated that Chandler should cooperate with the defense of the lawsuit and requested that George contact American's lawyer in Fort Dodge, Iowa, who was defending the action. American's lawyer also corresponded with George. George did call the lawyer once and provided oral answers to interrogatories. These interrogatories were later sent to George for his signature; he never returned them. Approximately two weeks before trial, American hand-delivered a letter notifying George of the trial and urging him to cooperate with its lawyers. However, this letter did not request that George attend the trial. George neither responded to this letter nor appeared at trial.

In its ruling, the trial court determined that the cooperation clause placed a duty on the insurer to exercise reasonable diligence in obtaining the insured's cooperation. The court concluded that "[i]t is very clear that Chandler did not cooperate with the attempts made to contact him, but this Court is not convinced that American used a sufficient degree of diligence in seeking his cooperation." The court noted that it was not addressing the issue of whether Chandler's lack of cooperation substantially prejudiced American. The trial court denied American's declaratory judgment petition based on its finding that American failed to use reasonable diligence in seeking Chandler's cooperation.

On appeal, American essentially raises two issues. First, American claims that the trial court's determination of American's lack of diligence in securing the cooperation of its insured was inappropriate. Second, American urges that the evidence shows that it did act diligently in seeking the cooperation of its insured.

Both parties agree in their briefs that this matter was tried as an equitable action. Thus, our review is de novo.

I. *Burden of proof and insurer's use of reasonable diligence.* American urges that the trial court's determination that Chandler breached the cooperation clause invokes a presumption that American was prejudiced by the noncooperation of its insured. It further urges that the trial court simply ignored this presumption of prejudice by turning its attention to the issue of American's diligence in seeking the insured's cooperation. We first examine the burden of proof in this action and then turn to the issue of whether reasonable diligence is required of an insurer.

■ A. *Burden of proof.* Although this action seeks declaratory relief, its true nature is one of a judgment creditor seeking recovery against an insurer who insured the debtor for liability. We have recognized the rule that a judgment creditor is required to stand in the position of his debtor when seeking coverage under the debtor's liability insurance policy. *Haynes v. Dairyland Mut. Ins. Co.,* 199 N.W.2d 83, 86 (Iowa 1972). "This requirement subjects such a creditor to any defenses which would be good against the insured debtor." *Id.*

■ We have addressed the appropriate placement of the burden of proof in disputes over breach of insurance policy terms that are a condition precedent to the insurer's liability. We have consistently required that the party claiming entitlement to coverage under the policy must prove compliance with its terms. *Bruns v. Hartford Accident & Indem. Co.,* 407 N.W.2d 576, 579 (Iowa 1987); *Henschel v. Hawkeye-Security Ins. Co.,* 178 N.W.2d 409, 415 (Iowa 1970); *Henderson v. Hawkeye-Security Co.,* 252 Iowa 97, 105–06, 106 N.W.2d 86, 91 (1960). The party claiming coverage may meet this burden of proof by showing the following: (1) substantial compliance with the condition precedent; (2) the failure to comply was excused or waived; or (3) the failure to comply was not prejudicial to the insurer. *Henderson,* 252 Iowa at 107, 106 N.W.2d at 92. We have also adopted and followed the rule that a substantial breach of a condition precedent which is not excused or waived must be presumed prejudicial to the insurer. *Bruns,* 407 N.W.2d at 579; *Henschel,* 178 N.W.2d at 415; *Henderson,* 252 Iowa at 106–07, 106 N.W.2d at 92. Previously, we applied these established rules govern-

ing placement of the burden of proof in a case in which breach of a cooperation clause was claimed. *Western Mut. Ins. Co. v. Baldwin,* 258 Iowa 460, 472, 137 N.W.2d 918, 925 (1965).

■ We have varied these established rules regarding placement of the burden of proof when an action against an insurer is commenced by a judgment creditor of the insured, rather than by the insured itself. *Haynes,* 199 N.W.2d at 85–86. We relied upon the principle that "the burden of proving a factual issue ... should rest upon the party who has possession of facts or information lacking to the other." *Id.* (citations omitted). We concluded that since the insurer maintained files on its transactions with the insured, it possessed firsthand knowledge of any lack of cooperation on the part of its insured. *Id.* at 85. We further held that the judgment creditor did not have the burden of going forth with the evidence concerning compliance with the cooperation clause. *Id.* at 86. We also noted that our holding in *Haynes* did not alter the rule announced in *Henschel* requiring the party claiming coverage to prove the insured's compliance and cooperation with policy terms. *Id.*

The facts of this case and *Haynes* are similar. Maxwell is a judgment creditor of the insured, Chandler. Therefore, we conclude that the insurer, American, had the burden of going forward with the evidence on the issue of Chandler's noncooperation.

■ In our de novo review, we find that American met the burden of proving the noncooperation of its insured Chandler. We now turn to issues concerning the insurer's use of reasonable diligence under the cooperation clause.

B. *Reasonable diligence.* The trial court concluded that the cooperation clause of the insurance policy required both the insured's cooperation and the insurer's use of reasonable diligence in obtaining that cooperation. However, neither the court nor Maxwell cited any Iowa case law in support of this reasonable diligence requirement. Instead, it relied on authority from other jurisdictions in imposing a reasonable diligence requirement on Ameri-

can. *Lappo v. Thompson,* 87 Ill.App.3d 253, 42 Ill.Dec. 531, 409 N.E.2d 26 (1980); *Rieschl v. Travelers Ins. Co.,* 313 N.W.2d 615 (Minn.1981).

In its appellate briefs, American does not seriously challenge the trial court's requirement that an insurer exercise reasonable diligence in obtaining the cooperation of its insured. Rather, American simply contends that it in fact met this requirement and such a requirement should not change the presumption of prejudice to the insurer under Iowa law. Nevertheless, we must first determine whether a reasonable diligence requirement should be imposed on insurers under Iowa law.

■ We first examine a cooperation clause of an insurance policy. A cooperation clause applies to conduct of the insured in the proceedings subsequent to the notice of the loss, claim or suit and prior to a determination of an insurer's liability. 8 J. Appleman & J. Appleman, *Insurance Law & Practice* § 4771, at 211–12 (1981). The purpose of a cooperation clause is to protect insurers and prevent collusion between insureds and injured parties. *Id.* at 213. The question of cooperation under a policy's cooperation clause involves not only the good faith of the insured but also the good faith of the insurer. *Id.* at 221.

■ The majority rule appears to be that the insurer's and insured's obligations under a cooperation clause are reciprocal; the insured must cooperate with the insurer and the insurer must use reasonable diligence in obtaining the insured's cooperation. *Id.* at 221 n. 13; M. Rhodes, 14 *Couch on Insurance 2d* § 51:119, at 624–25 (rev. ed. 1982); 44 Am.Jur.2d *Insurance* § 1438, at 385–86 (1982); *see also* Annotation, *Liability Insurance: Failure or Refusal of Insured to Attend Trial or to Testify as Breach of Cooperation Clause,* 9 A.L.R.4th 218 § 5 (1981); *see, e.g., Lappo v. Thompson,* 87 Ill.App.3d 253, 254–55, 42 Ill.Dec. 531, 533, 409 N.E.2d 26, 28 (1980); *Smithers v. Mettert,* 513 N.E.2d 660, 662 (Ind.Ct.App.1987); *Allen v. Atlantic Nat'l Ins. Co.,* 350 Mass. 181, 183, 214 N.E.2d 28, 29–30 (1966); *Rieschl v. Travelers Ins. Co.,*

313 N.W.2d 615, 617 (Minn.1981); *Thrasher v. United States Liab. Ins. Co.,* 19 N.Y.2d 159, 168, 225 N.E.2d 503, 508, 278 N.Y.S.2d 793, 800 (1967); *Bailey v. Universal Underwriters Ins. Co.,* 258 Or. 201, 474 P.2d 746, 757 (1970); *Peterson v. Western Casualty & Sur. Co.,* 19 Utah 2d 26, 30–31, 425 P.2d 769, 771–72 (1967). We believe that the stated majority rule is sound and should be adopted by this court. The rule basically requires the insured and insurer to act diligently when a liability claim arises.

We find no merit in American's claim that the reasonable diligence requirement places the burden of proving prejudice on the insured. The insurer does not receive the benefit of a favorable presumption of prejudice until it is established that the insured breached the cooperation clause. The insurer's use of reasonable diligence is simply an element in the determination of whether the insured has breached the cooperation clause. The adoption of this rule adds an element of proof in determining whether the cooperation clause has been breached; it does not shift or change the burden of proof on prejudice.

Consequently, we hold that an insurer cannot avoid its obligation on a policy because of an insured's breach of a cooperation clause unless it exercises reasonable diligence in securing the insured's cooperation. The trial court correctly arrived at this same conclusion.

II. *Proof of reasonable diligence.* In our de novo review, we agree with the trial court's finding that American failed to use reasonable diligence in seeking Chandler's cooperation in defending the products liability lawsuit. American's claims office in Kansas City merely corresponded with George Chandler concerning the lawsuit. American suggested that George cooperate with its lawyer in Ft. Dodge, Iowa, even though it knew that George was a resident of Evanston, Illinois. It did not utilize its claims office and personnel in an area near Evanston to personally contact George. After a careful review of American's correspondence and its actions and inferences therefrom, we find that American was more concerned with making a paper trail to document George's noncooperation than in securing his cooperation in defending the lawsuit. Although George Chandler was accessible, American never took his personal statement, his deposition, or attempted to secure his presence at trial. The trial court correctly concluded that American's conduct fell short of reasonable diligence.

III. *Summary.* We hold that the insurer, American, cannot avoid its obligation under the policy because it failed to exercise reasonable diligence in obtaining Chandler's cooperation. Therefore, we affirm the trial court's denial of American's declaratory judgment petition.

AFFIRMED.