18 April 2000

No. 5-99-0100

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________

MARLA WALLACE,  ) Appeal from the 

  ) Circuit Court of 

Plaintiff-Appellee,  ) St. Clair County.

  )

v.  ) No. 97-AR-520

  )

WENONA WOOLFOLK,  )

  )

Defendant,    )

  )

and  )

  )

GALLANT INSURANCE COMPANY,  ) Honorable

  ) Annette A. Eckert,

Defendant-Appellant.     ) Judge, presiding. 

___________________________________________________________________

JUSTICE CHAPMAN delivered the opinion of the court:

On October 31, 1996, Marla Wallace was injured in an automobile accident when the vehicle in which she was riding, as a passenger with Richard Norman, collided with a vehicle driven by Wenona Woolfolk.  The vehicle operated by Woolfolk was insured by Gallant Insurance Company.  Wallace filed a two-count complaint against Woolfolk and Norman.  As a sanction for Woolfolk's failure to appear at her discovery deposition, the court struck Woolfolk's answer, jury demand, and counterclaim for contribution.  Subsequently, Woolfolk failed to attend the mandatory arbitration.  The arbitrator entered an award of $9,919.61 in favor of Wallace and against Woolfolk.  Pursuant to Supreme Court Rule 91(a) (145 Ill. 2d R. 91(a)), the trial court barred Woolfolk from rejecting the award and entered judgment.  Marla Wallace subsequently filed a nonwage garnishment action against Woolfolk's insurer, Gallant Insurance Company (Gallant).  Gallant responded with the affirmative defense of Woolfolk's noncooperation.  The court struck Gallant's affirmative defense as legally insufficient and sanctioned Gallant in the amount of $850 for filing it without conducting a proper investigation.  Gallant appeals.  We affirm.

Two issues are raised on appeal:  first, whether Gallant's affirmative defense was improperly stricken as legally insufficient and, second, whether the court abused its discretion in entering the sanctions order. 

In Illinois, the burden of proof is on the insurance company to establish by a preponderance of the evidence that it acted in good faith to secure the attendance of its insured at trial and that the insured's failure to appear was due to her refusal to cooperate. See 
Lappo v. Thompson
, 87 Ill. App. 3d 253, 254, 409 N.E.2d 26, 28 (1980);  
Mazzuca v. Eatmon
, 45 Ill. App. 3d 929, 360 N.E.2d 454 (1977).  An insurer is not liable for a judgment rendered against its insured if the insured willfully failed to cooperate by refusing to appear at trial after receiving adequate notice.  However, the insurer is liable if it was not sufficiently diligent in attempting to secure the insured's appearance or if the insured's failure to attend was not due to a refusal to cooperate.  See 
Harvey v. Johnson
, 30 Ill. App. 3d 750, 755, 332 N.E.2d 680, 683 (1975).  Good faith is evaluated not only in terms of what the insurer did to secure cooperation, but also in terms of what the insured failed to do.  See 
Lappo
, 87 Ill. App. 3d at 254, 409 N.E.2d at 28.  

To determine whether the trial court erred in striking Gallant's affirmative defense of noncooperation, we need to review the record to determine just what measures were taken to assure Woolfolk's cooperation in this matter.  

On July 19, 1997, Woolfolk was served with Wallace's complaint.  The case was assigned to the mandatory arbitration docket.  On August 11, 1997, the law firm of Gallop, Johnson & Neuman (Gallop) sent its first letter to Woolfolk, notifying her that Gallant had hired Gallop to defend her.  Gallant does not allege either that Woolfolk received this letter or that Gallop tried to find out whether she did.  

On August 15, 1997, Wallace served interrogatories and a request for production on Woolfolk, by mailing them to Gallop.  On August 19, 1997, an agreed order granted Woolfolk 30 days in which to respond to Wallace's complaint.  On September 17, 1997, Gallop filed a motion to dismiss Wallace's claim.  On September 18, 1997, Gallop allegedly mailed Woolfolk proposed answers to discovery.  The letter from Gallop to Woolfolk does not appear in the record, but the date of mailing the proposed answers is referenced in a Gallop letter dated October 29, 1997.  

On September 23, 1997, the case was set for arbitration for January 14, 1998.  The record shows that on October 17, 1997, defendant Norman filed a notice to Woolfolk to be present at the arbitration.  In an October 29, 1997, letter, Gallop asked Woolfolk to contact Gallop about proposed interrogatory answers that it had sent to her five weeks earlier.  This letter advised Woolfolk that her failure to cooperate could result in her being held personally liable for any verdict rendered against her.  On November 4, 1997, the clerk filed Wallace's motion to compel Woolfolk to respond to discovery requests.  On November 13, 1997, the trial judge entered a pretrial management schedule, advising the parties of discovery deadlines.  Gallant does not allege that Gallop informed Woolfolk of this schedule.

The record also shows the following:   

November 21, 1997 Deadline for answering complaint; Woolfolk failed to answer.

November 25, 1997 Woolfolk was not present when attorneys for all parties convene for party depositions.  

November 28, 1997 Deadline set by court for discovery; Woolfolk never answered discovery.

December 9, 1997 Gallop wrote to Woolfolk and asked her to respond to the interrogatories and request for production that had been sent four months earlier. 

December 29, 1997 Defendant Norman filed a motion for default against Woolfolk because of Woolfolk's alleged failure to appear at the depositions.  

December 29, 1997 Wallace filed a motion to strike Woolfolk's answer for failure to comply with the trial court's scheduling order

January 6, 1998 A Gallop memorandum stated that a Gallop attorney spoke with Woolfolk.  Woolfolk told Gallop that she had not received any of the interrogatories or requests for production.  Woolfolk agrees to attend a January 12 deposition. 

January 7, 1998 Gallop wrote to Woolfolk, informed her of the January 14 arbitration trial, and asked her to call Gallop two days prior to the arbitration date.   

January 8, 1998 Gallop wrote to Woolfolk, to advise her that her deposition was scheduled for January 12, 1998.

January 13, 1998 The trial court found Woolfolk in default for failing to answer discovery or attend her deposition.  The court struck her answer to the complaint and her counterclaim.  The court also struck the jury demand.  The court ordered the arbitration trial to proceed on damages only.

January 13, 1998 Gallant sent a letter to Woolfolk, which stated that it reserved the right to deny coverage for any judgment against her should she refuse to cooperate in her defense.  This letter was the first of three reservation-of-rights letters Gallant sent to Woolfolk. 

January 14, 1998 After a hearing, arbitrators found in favor of Wallace against Woolfolk and in favor of Norman against Woolfolk.

January 30, 1998 Gallant sent the second of the three reservation-of-rights letters. 

February 2, 1998 Gallant sent a certified letter to Woolfolk, notifying her that Gallant would not defend or indemnify her because she failed to appear at the January 14, 1998, arbitration trial.  This was Gallant's third reservation-of-rights letter to her. 

February 19, 1998 The court struck Woolfolk's rejection of the arbitration award and demand for jury trial.  The court entered judgment on the arbitration award against Woolfolk and in favor of Wallace and Norman. 

The time for any posttrial relief passed, and the judgment became final.  Wallace served an affidavit of garnishment upon Gallant.  Gallant filed an affirmative defense to the garnishment, alleging Woolfolk's noncooperation.  Wallace moved to strike the affirmative defense because it pled conclusions and not facts.  The trial judge ordered Gallop to produce copies of all notices to Woolfolk.  Gallop produced five letters and a memorandum of a telephone call to Woolfolk.  The trial court struck Gallant's affirmative defense and ordered Gallant to pay the judgment.  

Gallant argues that the trial court improperly struck its affirmative defense.  Gallant submits that it reserved its right to deny Woolfolk indemnification at the earliest appropriate opportunity when it sent the letter dated January 13, 1998, the day after she missed her deposition and the day after the entry of the default order.  Gallant argues that Gallop took all reasonable and proper steps to secure Woolfolk's attendance at her deposition, including warning her of the consequences of noncooperation, telephoning her to remind her of her deposition six days later, and sending a follow-up letter.  Gallant notes that Woolfolk said she would attend the deposition; thus, Gallant argues, there was no need to send her a reservation-of-rights letter at that point.  Gallant contends, therefore, that its affirmative defense should not have been stricken as legally insufficient.  The efforts expended by Gallop in attempting to secure Woolfolk's cooperation consisted of six letters, sent by ordinary mail, and a telephone call.  The record shows that months before the arbitration trial, Woolfolk was not responding to Gallop's letters.  

Merely sending letters to its insured was not enough to satisfy Gallant's duty to seek its insured's cooperation.  Gallant does not allege, and does not show, that Woolfolk was ever told of her November 25, 1997, deposition; Woolfolk was notified of trial by ordinary mail just days before trial, even though Woolfolk advised Gallop that she did not receive the other notices sent by ordinary mail; Woolfolk's failure to respond to mailings to her address were not followed up; court-ordered deadlines were missed, apparently without Woolfolk ever knowing they existed; and discovery was not answered.  These instances demonstrate Gallop's repeated failure to communicate with Woolfolk.  Thus, it seems that Gallant, through the Gallop law firm, failed to adequately notify its insured of matters occurring prior to the arbitration trial.  

We reject Gallant's argument that it could not send the reservation-of-rights letter to Woolfolk prior to January 13, 1998.  Gallop knew early on that Woolfolk either was not receiving her mail or was ignoring it.  Gallop failed to allege facts showing reasonable diligence in getting Woolfolk to cooperate early on in the litigation.  Gallop did nothing to secure her cooperation with discovery and other matters with regard to the litigation.  The fact that it felt that its insured had failed to cooperate in the early stages of the litigation did not excuse Gallop's delay in sending its reservation-of-rights letter.  

Gallop could have done much more to secure Woolfolk's cooperation.  Though six letters were sent to Woolfolk prior to the default judgment, no response from her was received.  During this time Gallop had reason to know that its insured either was not receiving these letters or was ignoring them.  Gallop made no attempt to remedy either of these possibilities.  Moreover, it was not until the default was entered that Gallop sent Woolfolk a reservation-of-rights letter.  Consequently, under the circumstances, Gallant failed to establish that Woolfolk refused to cooperate or that Gallop exercised a reasonable degree of diligence in attempting to secure her cooperation.  We cannot find, therefore, that the trial court erred in striking Gallant's affirmative defense.   

After Gallant appealed, the plaintiff Wallace submitted a motion for sanctions against Gallant.  Wallace sought attorney fees because Gallant allegedly pleaded noncooperation without first investigating what its insured Woolfolk did or failed to do.  Wallace also alleged that Gallant's conduct in the enforcement proceeding was in bad faith and was a deliberate harassment.  After a hearing, the trial court found Gallant in violation of Supreme Court Rule 137 (134 Ill. 2d R. 137), for failing to investigate whether its affirmative defense was well-

grounded.  The court ordered Gallant to pay Wallace's attorney fees of $850, the time spent for responding to the affirmative defense.  

Rule 137 provides in pertinent part as follows:

"The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion[,] or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." 134 Ill. 2d R. 137.

Gallant argues that its affirmative defense was well-grounded in fact at the time that it was posited.  Gallant claims that nothing stated in the original affirmative defense was false and that it did all that was possible in the short time it had to respond to the nonwage garnishment action.  Gallant argues that the sanction should be reversed unless the noncooperation affirmative defense was both baseless and made without reasonable inquiry.  Gallant claims that the following three statements, cited in its affirmative defense, on information and belief, were true:  

1. That Ms. Woolfolk was notified of her deposition.

2. That Ms. Woolfolk failed to cooperate with defense counsel.

3. That defense counsel tried to notify Ms. Woolfolk of the deposition, outstanding      written discovery, and arbitration.

Without reiterating the arguments made in the first issue on appeal, we cannot agree with Gallant's claim that these statements are true. 

As for the first statement, Gallop relies on a January 6, 1998, memorandum that indicated Woolfolk agreed to attend a January 12, 1998, deposition.  Gallop argues that this proves Woolfolk had been notified.  Obviously, this memorandum was not persuasive to the trial court, and we cannot disagree with its finding.  

As for the statement that Woolfolk failed to cooperate, Gallop failed to demonstrate that it exercised a reasonable degree of diligence in securing her cooperation or that she refused to cooperate.  Finally, although Gallop telephoned Woolfolk once and sent six letters to Woolfolk prior to the default judgment, Gallop had reason to know that Woolfolk was not receiving the notices.  In addition, the record demonstrates that Gallop did not advise Woolfolk of all discovery deadlines.  

The decision to impose sanctions under Rule 137 is committed to the sound discretion of the trial court, and that decision will not be disturbed absent an abuse of discretion.  See 
Dowd & Dowd, Ltd. v. Gleason
, 181 Ill. 2d 460, 487, 693 N.E.2d 358, 372 (1998).  The purpose of Rule 137 is to penalize litigants who plead frivolous or false matters or bring suit without any basis in law.  See 
Spiegel v. Hollywood Towers Condominium Ass'n
, 283 Ill. App. 3d 992, 1001, 671 N.E.2d 350, 358 (1996).  

This case is very similar to the recent decision in 
Buckner v. Causey
, No. 1-99-0312 (1st Dist. December 30, 1999).  In that case, Gwendolyn Buckner obtained a judgment against Wayne Causey.  Buckner then commenced a garnishment proceeding against Causey's insurer, Warrior Insurance Group, also known as Gallant Insurance Company.  Gallant answered, claiming in part that Causey's failure to cooperate in the defense of Buckner's action was a breach of its liability insurance policy that relieved Gallant of any obligation to satisfy the judgment against Causey.

In 
Buckner
, the court found that Gallant failed to establish that Causey failed to cooperate in the defense of plaintiff's action.  The trial court ordered Gallant to indemnify Causey for the plaintiff's underlying judgment, and the court awarded Causey relief under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1996)).  

In the instant case, we cannot find that the trial judge abused its discretion in ordering that Gallant pay sanctions in this cause.  The decision of the trial court is affirmed.  

Affirmed.

WELCH and KUEHN, JJ., concur.