# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

U.S. SPECIALTY INSURANCE COMPANY,
*Plaintiff-Appellee,*

v.

SKYMASTER OF VIRGINIA,
INCORPORATED; GARY HOWARD
JOHNSON POULIN; JANE ANN POULIN;
GINGER MARIE POULIN; ERIC ANDREW
POULIN; RUTH HODGES,
*Defendants-Appellants.*

No. 01-1071

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Tommy E. Miller, Magistrate Judge.
(CA-00-39-2)

Argued: September 26, 2001

Decided: December 17, 2001

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished opinion. Judge Gregory wrote the majority
opinion, in which Judge Motz joined. Judge Traxler wrote a dissent-
ing opinion.

---

## COUNSEL

**ARGUED:** Joseph Anthony Gawrys, Virginia Beach, Virginia; Carl
Randall Stone, Richmond, Virginia, for Appellants. Robert Barnes

Delano, Jr., SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellee. **ON BRIEF:** Albert M. Orgain, IV, SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

GREGORY, Circuit Judge:

Skymaster of Virginia, Inc., Gary Poulin, Jane Ann Poulin, Ginger Marie Poulin, Eric Andrew Poulin, and Ruth Hodges appeal the district court's grant of summary judgment to U.S. Specialty Insurance Company ("U.S. Specialty"). This action was filed after Gary Poulin ("Poulin"), a Skymaster officer and shareholder, piloted a U.S. Specialty-insured plane that crashed, injuring Poulin and four others. U.S. Specialty sought to avoid coverage because Poulin purportedly did not have a valid medical certificate when he flew the plane, as required by U.S. Specialty's insurance policy ("the Policy"). In response to cross-motions for summary judgment, the district court held that Va. Code § 38.2-2227 did not preclude U.S. Specialty from avoiding coverage, that U.S. Specialty could avoid coverage even if the crash was not caused by Poulin's medical condition and purported lack of a valid medical certificate, and that Va. Code § 38.2-2226 did not waive U.S. Specialty's right to avoid coverage. The district court did not address U.S. Specialty's alternative summary judgment motion based on Poulin's failure to cooperate with U.S. Specialty and unclean hands. We affirm the district court, but on the alternative ground that Poulin's failure to cooperate with U.S. Specialty allowed U.S. Specialty to avoid coverage.

### I.

Poulin was diagnosed with diabetes in 1987, but never reported his condition to the Federal Aviation Administration ("FAA") or U.S.

Specialty. On August 9, 1998, Poulin's plane crashed, injuring Poulin and his four passengers: Jane Ann Poulin, Ginger Marie Poulin, Eric Andrew Poulin and Ruth Hodges. It is undisputed that the crash was not related to Poulin's diabetes, but apparently was caused by a mechanic's failure to properly fuel the plane.

While investigating the crash scene, the FAA found insulin and hypodermic needles. The FAA eventually revoked Poulin's medical certificate on the basis of his diabetes. The FAA also refused to award Poulin a medical waiver, which would have allowed him to pilot a plane despite his diabetes.

U.S. Specialty refused to honor the Policy after it learned of the FAA's decision, arguing that Poulin lacked a valid medical certificate, as required by the Policy. It is undisputed that the Policy excludes coverage if the pilot of an insured plane does not have a current and proper medical certificate. Specifically, the Policy provides:

> The aircraft must be operated in flight only by a person shown below, who must have a current and proper (1) medical certificate and (2) pilot certificate with necessary ratings required by the FAA for each flight. There is no coverage under the policy of the pilot if he does not meet these requirements.

"Coverage Identification Page", Item 9.

> You must make certain that the pilot operating the aircraft in flight meets the requirements shown in Item 9 of the Coverage Identification Page. There is no coverage under the policy if the pilot does not meet these requirements.

Part One of the Policy entitled "General Provisions and Conditions," paragraph 3.

> We will not pay for physical loss of or damage to your aircraft . . . unless the requirements of the Coverage Identification Page regarding Pilots (Item 9) . . . are met . . . .

Part Two of the Policy entitled "Aircraft Physical Damage", paragraph 4(a).

> We do not cover any . . . bodily injury or property damage unless the requirements of the Coverage Identification Page regarding Pilots (Item 9) . . . are met . . . .

Part Three of the Policy entitled "Liability to Others", paragraph 4(a).

Moreover, as part of its post-crash investigation, U.S. Specialty asked Poulin to submit to an examination under oath ("EUO"). Paragraph 6 of the Policy's "General Provisions and Conditions" required Poulin to cooperate in U.S. Specialty's investigation. It states as follows:

> 6.   If You Have An Accident or Occurrence
>
> In the event of an accident or occurrence, you and anyone we protect must: . . .
>
>> b. Cooperate with us in the investigation, settlement or defense of any claims or suit;
>>
>> c. Answer under oath, questions asked by us or anyone we designate . . . .

Poulin appeared for his EUO on July 21, 1999, but refused to answer any questions relating to his FAA medical certificate. Instead, Poulin invoked the Fifth Amendment right against self incrimination. In fact, Poulin refused to answer any questions about his medical certificate until his discovery deposition more than one year later, on August 1, 2000, which was scheduled as a result of the instant litigation.

U.S. Specialty brought this declaratory judgment action for a determination that it could exclude coverage. On cross-motions for summary judgment, Poulin argued that (1) Va. Code § 38.2-2227 precluded U.S. Specialty from avoiding coverage based on Poulin's purported failure to have a valid medical certificate; (2) U.S. Specialty could not avoid coverage based on his purported failure to have

a valid medical certificate because that failure was not causally related to the crash; and (3) Va. Code § 38.2-2226 waived U.S. Specialty's right to rely on a policy exclusion. The district court denied Poulin's summary judgment motion on all grounds and entered judgment for U.S. Specialty on its motion for summary judgment, which was based on the medical certificate policy exclusion. *U.S. Specialty Ins. Co. v. Skymaster of Virginia, Inc.*, 123 F. Supp.2d 995 (E.D. Va. 2000). The district court did not rule on U.S. Specialty's alternate summary judgment motions based on Poulin's failure to cooperate with U.S. Specialty and unclean hands.

## II.

### A.

This Court reviews a grant of summary judgment *de novo*. *Higgins v. E. I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is in dispute when its existence or non-existence could lead a jury to different outcomes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party. *Id.* Mere speculation by the non-moving party cannot create a genuine issue of material fact. *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). The Court must view the evidence in the light most favorable to the non-moving party. *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996) (*en banc*).

### B.

U.S. Specialty moved for summary judgment based on Poulin's failure to cooperate by refusing to answer questions at his EUO. Poulin responded by arguing that questions relating to his medical certificate were not material and that he had a right to invoke the Fifth Amendment. The district court did not rule on this issue, but it poses a question of law that this Court may address.

We easily dispose of Poulin's Fifth Amendment claim. In *Powell v. USF&G Co.*, 88 F.3d 271 (4th Cir. 1996), this Court considered a similar EUO provision and the insureds' failure to answer certain questions based on the Fifth Amendment. We rejected the insureds' reliance on the Fifth Amendment:

> Any argument of the [insureds], that giving the [EUO] provision such a broad scope would effectively abrogate their right against self-incrimination, is unavailing; they may avoid incriminating themselves by refusing to submit to relevant requests made by [the insurer] under the policy provision, although to do so may ultimately cost them insurance coverage under the terms of the contract for which they and [the insurer] bargained.

*Id.* at 274. *See also USF&G v. Wigginton*, 964 F.2d 487, 491 (5th Cir. 1992) ("the compulsion secured against by the constitution is a compulsion exercised by the state in its sovereign capacity . . . . Constitutional immunity has no application to a private examination arising out of a contractual relationship"). Thus, Poulin may not rely on the Fifth Amendment to avoid a contractual obligation to cooperate by submitting to an EUO.

*Powell* also is instructive with respect to Poulin's immateriality claim. In *Powell*, fire destroyed the insureds' home. *Id.* at 272. They immediately came under suspicion by the police and the insurer. *Id.* Their insurer scheduled an EUO, seeking information relating to the fire's cause. *Id.* The insureds refused to answer such questions, claiming, in part, that they were immaterial. *Id.* This Court disagreed, stating that an EUO clause "encompasses investigation into possible motives for suspected fraud." *Id.* at 273. The Court also relied on 5A J. Appleman & J. Appleman, *Insurance Law and Practice* § 3552, p. 561 (1970), in which the authors state that an EUO "is not restricted to amount of loss, but the insurer has the right to examine the insured and his witnesses as to any matter material to the insurer's liability and the extent thereof." *Id.*

Thus, *Powell* teaches that an EUO may reach "any matter material to the insurer's liability and the extent thereof." U.S. Specialty believed that it could exclude coverage based on Poulin's purported

failure to obtain a valid medical certificate. The potential existence of an exclusion negating liability for an insurer is a material matter.

Poulin claims that questions relating to the medical certificate were immaterial because Va. Code § 38.2-2227 precludes U.S. Specialty from excluding coverage based on Poulin's purported failure to obtain a valid medical certificate. Va. Code § 38.2-2227 states that

> [n]o insurance policy issued or delivered in this Commonwealth covering loss, expense, or liability arising out of the loss, maintenance, or use of an aircraft shall act to exclude or deny coverage because the aircraft is operated in violation of federal or civil regulations or any state or local ordinance. This section does not prohibit the use of specific exclusions or conditions in any policy that relates to any of the following:
>
> > 1. Certification of an aircraft in a stated category by the Federal Aviation Administration;
> >
> > 2. Certification of a pilot in a stated category by the Federal Aviation Administration;
> >
> > 3. Establishing requirements for pilot experience; or
> >
> > 4. Restricting the use of the aircraft to the purposes stated in the policy.

We need not decide whether § 38.2-2227 precludes U.S. Specialty from relying on its Policy exclusion because, even if it does, it does not render questions about Poulin's medical certificate immaterial. Rather, the questions remain material (1) to determine whether a Policy exclusion applies and (2) to determine whether a state statute could apply to preclude U.S. Specialty from relying upon that Policy exclusion. Thus, the questions were, indeed, material and Poulin failed to cooperate by refusing to answer them.

### III.

For the foregoing reasons, the judgment of the district court is affirmed.*

*AFFIRMED*

TRAXLER, Circuit Judge, dissenting:

I recognize that Poulin was not completely forthcoming in responding to questions from U.S. Specialty about his diabetes, but I feel that his disclosure to U.S. Specialty within two months of the crash that he had had diabetes since 1987 and that he had been using insulin since 1994 was sufficient information given within sufficient time for U.S. Specialty to oppose coverage. Under these circumstances, I cannot conclude that Poulin's later refusal to answer some questions was a material and substantial breach of his duty to cooperate.

I would reach the merits of the coverage question and hold that Va. Code Ann. § 38.2-2227 precludes U.S. Specialty from utilizing misinformation to the FAA about Poulin's diabetes to deny coverage for claims arising from a crash caused by the airplane's running out of gas. Accordingly, I respectfully dissent.

---

*Because the issue of Poulin's lack of cooperation is dispositive, we need not address the parties' remaining arguments.